On January 24, 1978, McConnell N. Durr and Joanna Walker filed an action in the Sumter County Circuit Court seeking the sale for division of a 200-acre tract of land. The land which is the subject of this action was purchased in 1906 by Calvin Kennard, the great uncle of the original plaintiff and the defendants. Calvin Kennard's will devised the land to his two sisters, or their children. McConnell N. Durr, the original plaintiff, is the only child of one of those sisters. The other sister left seven surviving children, who were the defendants below. McConnell N. Durr sold his undivided one-half interest in the land to Tri-County Land Company after initiating this suit at Tri-County's behest.
Appellees alleged in their complaint below that the land could not be equitably divided and the appellants agreed. Appellants argue, however, that the land should not be sold at public auction, but rather that as members of the family they should be allowed to purchase it. *Page 1244 
The Sumter County Circuit Court ruled that the statutes were not unconstitutional and entered a decree of sale. We affirm.
Code 1975, § 35-6-20, provides:
 The circuit court shall have original jurisdiction to divide or partition, or sell for partition, any property, real or personal, held by joint owners or tenants in common; whether the defendant denies the title of plaintiff or sets up adverse possession or not; and the court in exercising its jurisdiction shall proceed according to the Alabama Rules of Civil Procedure and, where necessary, allow service of process by publication as prescribed therein. [Citations omitted.]
Before a sale under this section is authorized, proof that the land cannot be equitably divided is required.[1] Once a tenant in common has averred and proved that the parcel cannot be equitably divided, this Court has interpreted Code 1975, §35-6-20, as giving that co-tenant the right to demand partition of the land held in cotenancy.[2]
The parties to the instant suit have agreed that the land in question cannot be equitably divided; therefore, the issue with which we are presented is whether Code 1975, § 35-6-20, denies appellants equal protection and due process of law in violation of the United States Constitution by giving a tenant in common who wishes to sell an absolute right to force a public sale over the protests of tenants in common who wish to retain ownership of the parcel.
The rule of law which establishes a presumption in favor of the constitutionality of a duly enacted statute was enunciated by Chief Justice Gardner as follows:
 Uniformly, the courts recognize that this power [to strike down a legislative act as violative of the constitution] is a delicate one, and to be used with great caution. It should be borne in mind, also, that legislative power is not derived either from the state or federal constitutions. These instruments are only limitations upon the power. Apart from limitations imposed by these fundamental charters of government, the power of the legislature has no bounds and is as plenary as that of the British Parliament. It follows that, in passing upon the constitutionality of a legislative act, the courts uniformly approach the question with every presumption and intendment in favor of its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of the government. All these principles are embraced in the simple statement that it is the recognized duty of the court to sustain the act unless it is clear beyond reasonable doubt that it is violative of the fundamental law. [Citation omitted.]
Alabama State Federation of Labor v. McAdory, 246 Ala. 1 at 9,18 So.2d 810 at 814-815 (1944). See: Alabama Dairy Commissionv. Food Giant Inc., 357 So.2d 139 (Ala. 1978); Jefferson CountyBoard of Health v. City of Bessemer, 293 Ala. 237,301 So.2d 551 (1974).
We hold that the appellants failed to sustain the burden of proving that the statute violates the United States Constitution.
The statute draws no classifications on its face, but gives every co-tenant the equal right to demand a sale for partition upon proof that the land cannot be equitably divided. The appellants failed to prove discrimination in the application of the statute. For these reasons we hold that Code 1975, §35-6-20, does not operate to deny appellants equal protection or due process of law. In English v. Brantley, 361 So.2d 549
(Ala. 1978), this Court upheld the constitutionality *Page 1245 
of Code 1940, Tit. 47, § 186 (the predecessor of Code 1975, §35-6-20), using the following language:
 This statute does not deny due process of law to appellees. It allows a co-tenant to force a sale for division only after proving the property cannot be equitably divided in kind. It provides a reasonable means of allowing all co-tenants maximum freedom in dealing with their interest in jointly owned property.
We hold that Code 1975, § 35-6-20, passes constitutional muster under the instant challenges.
AFFIRMED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.
[1] Bragg v. Beers, 71 Ala. 151 (1881); Stein v. McGrath,128 Ala. 175, 30 So. 792 (1900); Lyons v. Jacoway, 205 Ala. 479,88 So. 597 (1921); Burr v. Fox, 227 Ala. 543, 150 So. 911 (1933);Raper v. Belk, 276 Ala. 370, 162 So.2d 465 (1964); Vaughn v.Thomas, 372 So.2d 1309 (Ala. 1979).
[2] Wood v. Barnett, 208 Ala. 295, 94 So. 338 (1922); Bedsole v.Bedsole, 272 Ala. 589, 133 So.2d 237 (1961); Raper v. Belk,276 Ala. 370, 162 So.2d 465 (1964); Prosch v. Prosch, 47 Ala. App. 33, 249 So.2d 855, cert. denied, 287 Ala. 740, 249 So.2d 860,287 Ala. 740, 249 So.2d 861 (1971).