Appellants appeal from a trial court decree adjudging Code 1975, § 35-6-100 et seq., "patently unconstitutional," and, pursuant to such a determination, ordering a public sale of certain jointly owned property. We reverse. *Page 842 
Invoking § 35-6-100 et seq.,[1] certain of the Appellants filed a timely offer to purchase Lambert's interest in the property as well as the interests of all others seeking to sell.
On February 22, 1980, Lambert filed a motion to strike Appellants' offer to purchase, alleging that § 35-6-100 etseq., violated the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.
The circuit court, on June 3, 1980, granted Lambert's motion to strike Appellants' offer to purchase on the ground that the challenged statute was "patently unconstitutional." On September 2, 1980, the circuit court issued a decree for sale, ordering a public auction for the sale of the subject property.
In urging our affirmance of the trial court's determination that § 35-6-100 et seq., is "patently unconstitutional," Appellee attacks the statute as being in deprivation of his rights to 1) have the property sold for division, and 2) have the land partitioned. According to Appellee, the destruction of such "vested" rights by a state statute clearly derogates that protection afforded under the Due Process and Equal Protection Clauses of the United States Constitution.
Even if we embrace Appellee's statement of jurisprudence concerning "vested rights," we refuse to accede to his contention that § 36-6-100 abolished vested rights. Simply stated, his rights were not "vested." The right to a sale for division of proceeds is not inherent, but derives from statute.Ragland v. Walker, 387 So.2d 184 (Ala. 1980); Raper v. Belk,276 Ala. 370, 162 So.2d 465 (1964).
In enacting Code 1975, § 35-6-20,[2] the Legislature formulated a procedure whereby joint owners or tenants in common could sell property for division only after adducing proof that the land could not be equitably divided "in kind." Watson v. Durr,379 So.2d 1243 (Ala. 1980).
Section 35-6-100 et seq., was ostensibly drafted to protect joint owners from being divested of their property in a forced "public" sale by allowing them the option to purchase the filing joint owner's interest. Prince v. Hunter, 388 So.2d 546
(Ala. 1980). (Although the constitutionality of the statute was upheld in Prince, its validity was challenged in the narrow context of the statute's use of the word "shall" rather than "may.")
In refuting Appellee's contention that § 35-6-100 et seq., obliterated his "right" to a public sale for division, we adopt Appellants' premise that no rights have been destroyed. The only change *Page 843 
brought about by § 35-6-100 et seq., is the manner in which the sale is effectuated.
The mere passage of legislation does not of itself abrogate the prerogative of the legislature to thereafter refine, modify, or recompose the same by additional legislation, subject, of course, to the same constitutional scrutiny as that afforded the original enactment. Ala. Const. 1901, Section 44;Newberry v. City of Andalusia, 257 Ala. 49, 57 So.2d 629
(1952).
Appellee next asserts that certain portions of § 35-6-100 — "Upon the filing of any petition . . ." and "[must be initiated] not later than 10 days prior to the date set for trial . . ." — effectively remove his right to have the land equitably partitioned. As stated in Watson, supra, a prerequisite to the invocation of § 35-6-20 is that evidence be introduced affirmatively proving that the land cannot be partitioned "in kind." See, also, Meador v. Meador, 255 Ala. 688, 53 So.2d 546 (1951).
By demanding that the property in question be "sold and the proceeds from said sale be divided and distributed among the joint owners and tenants in common . . .," Appellee, necessarily, has conditioned his prayer for relief on the jurisdictional assertion that the property cannot be partitioned in kind. Watson and Meador. Therefore, he cannot now assert his right to partition in defense of Defendants' prerogative to invoke § 35-6-100.
Appellee next contends that § 35-6-100 et seq., deprives him of equal protection of the law in that it creates an arbitrary and capricious classification, to wit: favoring defendants over plaintiffs. We cannot agree.
The "test" by which a state statute establishing nonsuspect or nonfundamental classifications is deemed to come within the purview of "equal protection" is whether the state action is rationally related to any legitimate state interest. Baker v.Baxley, 348 So.2d 468 (Ala. 1977). Section 35-6-100 et seq., obviously seeks to avoid that situation whereby joint owners of property are divested of ownership through a forced public sale brought about as a result of a plaintiff's petition for a sale for division.
The requisite rational basis for the statute's classification perforce finds itself in the protection afforded co-owner defendants against co-owner plaintiffs seeking involuntary severance of the co-ownership for pro rata distribution of the proceeds of sale. Prince, supra. For an excellent discussion of the operative effect of § 35-6-100, see the recent decision of this Court authored by Justice Maddox in Kittrell v. Benjamin, [MS. March 27, 1981] 396 So.2d 93 (Ala. 1981). (Although we approved the constitutionality of the statute in Kittrell, we did not address the specific constitutional issues presented in the instant case.) Suffice it to say, therefore, in our view there exists a "rational basis" for the statutory scheme founded on a "plaintiff-defendant" distinction.
Lastly, Appellee submits that pursuant to Code 1975, §35-6-101, one seeking a sale for division is deprived of his right to a "hearing" on the determination of the property's fair market value. Additionally, Appellee asserts that this infraction, along with the statute's failure to provide a plaintiff with the right to cross-examine court appointed appraisers, violates his rights to due process. We are unable to adopt such contention.
A close reading of the statute reveals that the court appointed experts are utilized only "in the event the parties cannot reach agreement as to the price." Nothing in the subject statute prevents any challenge of the appraiser's report to the court. Nowhere is the court mandated to accept such appraisals. Nothing prevents an objection by any party to the selection of particular appraisers. The court, in the exercise of its equitable power, is free to accept or reject any appraisal, and to order a new appraisal where the ends of justice demand.
Clearly, such safeguards cannot be equated with a violation of due process.
REVERSED AND REMANDED.
All the Justices concur.
[1] "§ 35-6-100. Upon the filing of any petition for a sale for division of any property, real or personal, held by joint owners or tenants in common, the court shall provide for the purchase of the interests of the joint owners or tenants in common filing for the petition or any others named therein who agree to the sale by the other joint owners or tenants in common or any one of them. Provided that the joint owners or tenants in common interested in purchasing such interests shall notify the court of same not later than 10 days prior to the date set for trial of the case and shall be allowed to purchase whether default has been entered against them or not. (Acts 1979, No. 79-334, p. 532, § 1.)"
"§ 35-6-101. In such circumstances as described in section35-6-100, and in the event the parties cannot reach agreement as to the price, the value of the interest or interests to be sold shall be determined by one or more competent real estate appraisers or commissioners, as the court shall approve, appointed for such purpose by the court. The appraisers or commissioners appointed under this section shall make their report in writing to the court within 30 days after their appointment. (Acts 1979, No. 79-334, p. 532, § 2.)"
[2] "§ 35-6-20. The circuit court shall have original jurisdiction to divide or partition, or sell for partition, any property, real or personal, held by joint owners or tenants in common; whether the defendant denies the title of plaintiff or sets up adverse possession or not; and the court in exercising its jurisdiction shall proceed according to the Alabama Rules of Civil Procedure and, where necessary, allow service of process by publication as prescribed therein. (Code 1886, § 3262; Code 1896, § 3187; Code 1907, § 5231; Acts 1909, No. 123, p. 124; Code 1923, § 9331; Code 1940, T. 47, § 186.)"
[EDITORS' NOTE: PAGES 844-845 CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 846