This appeal involves a quiet title action and comes to us from the Circuit Court for Baldwin County. Appellants, Scott Paper Company (Scott Paper), Hubert Edge (Edge), and C.R. Summers (Summers), contend that the provisions of Code 1975, §35-6-100, do not apply to them under the facts of this case. That statute allows a joint tenant or a tenant in common to purchase the interest of a petitioning joint tenant or tenant in common who seeks to have the jointly held property sold for division. Appellees, Carol S. Griffin (Griffin) and Elizabeth S. Sawyer (Sawyer), moved to invoke the provisions of §35-6-100 and thereby purchase appellants' interest in the disputed lands. The trial court granted appellees' motion over appellants' objection and entered an order and final judgment appointing an appraiser and allowing appellees to purchase interests in the lands. Appellants then perfected this appeal.
Three issues, and the questions posed thereby, are presented for our review:
1. Whether § 35-6-100 applies to this case, which was commenced prior to its effective date.
2. Whether appellees could invoke § 35-6-100 after a pretrial order was made and the case was set for trial.
3. Whether appellees are within the class entitled to invoke § 35-6-100.
We answer all three in the affirmative and thereby affirm the judgment of the trial court.
This case has a long and tortuous history. It began almost 25 years ago. Fortunately, a detailed review of its history and facts is unnecessary for our review of the limited issues presented. Accordingly, we will recite only those facts pertinent to the resolution of those issues.
Griffin and Sawyer claim their interests in the disputed properties through a chain of title derived from Asheton B. Slaughter. Appellants claim their interests through a chain of title derived from the persons known as the Johnson heirs. Slaughter filed an in personam quiet title action on May 5, 1957, claiming title to some of the disputed properties. On July 10, 1959, Lee Johnson and Emma Johnson filed an answer and cross-bill seeking a determination of ownership interests and requesting a partition or a sale for division. Scott Paper intervened on January 15, 1974, claiming an interest in some of the properties and requesting a sale for division. Griffin and Sawyer were substituted for Slaughter as plaintiffs. On November 13, 1979, they moved to add Summers and Edge as additional defendants regarding one of the disputed parcels of property, asking for a partition or sale for division of the surface rights in that parcel.
A pretrial conference was held on October 21, 1980. Pursuant to agreement of the parties, a pretrial order was entered that provided for the trial court to grant the "counterclaim" of the Johnson heirs. The quiet title action filed by Slaughter was dismissed. Because the parties agreed that *Page 1378 
the properties could not be equitably partitioned in kind, a sale for division was ordered. The case was set for trial on issues concerning respective ownership interests in the properties and attorney's fees. Trial was scheduled for December 16, 1980, but was continued one day before that for the purpose of allowing Griffin to obtain a new attorney. During the continuance, on December 30, 1980, Griffin invoked the provisions of § 35-6-100, and requested the appointment of an appraiser. Shortly thereafter, Sawyer did the same. Appellants filed motions in opposition to Griffin and Sawyer's requests under § 35-6-100, but they were denied by the trial court. The trial court entered a final order, and the appellants then perfected this appeal.
Appellants first argue that the trial court's application of § 35-6-100 violated their rights under Ala. Const. 1901, § 95. Specifically, they argue that their defense to the quiet title action was destroyed when the trial court allowed the sale for division to be controlled by § 35-6-100. In pertinent part, Ala. Const. 1901, § 95 provides:
 After suit has been commenced on any cause of action, the legislature shall have no power to take away such cause of action, or destroy any existing defense to such suit.
Appellants note that prior to the effective date of § 35-6-100, they had the right to bid on the properties if a sale for division was ordered. However, they also note that when §35-6-100 became effective on July 17, 1979, they no longer had a right to bid on the properties if that section was invoked. That section provides:
 Upon the filing of any petition for a sale for division of any property, real or personal, held by joint owners or tenants in common, the court shall provide for the purchase of the interests of the joint owners or tenants in common filing for the petition or any others named therein who agree to the sale by the other joint owners or tenants in common or any one of them. Provided that the joint owners or tenants in common interested in purchasing such interests shall notify the court of same not later than 10 days prior to the date set for trial of the case and shall be allowed to purchase whether default has been entered against them or not. [Emphasis added.]
In Prince v. Hunter, 388 So.2d 546 at 547 (Ala. 1980), this court observed:
 The statute ostensibly was drafted to protect joint owners from being divested of their property in a forced sale by allowing them the option to purchase the filing joint owner's interest. . . . The statute in using the word "shall" makes it mandatory, upon the filing of a petition for sale for division, that the court provide for the purchase of the petitioner's interest by the other joint owners if they notify the court of their interest in purchasing petitioner's interest at least ten days before the day set for trial.
Thus, when the trial court allowed Griffin and Sawyer to invoke § 35-6-100, appellants lost the opportunity to bid on the disputed properties.
In arguing against the retrospective application of §35-6-100, appellants attempt to distinguish their case fromKittrell v. Benjamin, 396 So.2d 93 (Ala. 1981). Kittrell v.Benjamin, upheld the retrospective application of § 35-6-100 in a sale for division where some pleadings were filed before its effective date and where the case remained pending after that section became effective. The same situation is present here. Nevertheless, appellants contend that Kittrell v. Benjamin, is distinguishable. They point out that in Kittrell v. Benjamin, apparently all parties agreed that they were tenants in common. In the present case, Griffin and Sawyer's predecessor in title commenced action against appellants' predecessors in title, contending they had no interest in the disputed properties. Appellants say further that their predecessors in title asserted the defense that they were tenants in common and sought a partition of the properties or a sale for division. Because they did so, appellants insist that § 35-6-100 cannot be applied retrospectively so as to destroy their defense. *Page 1379 
At the outset, we are obliged to make a fundamental observation concerning appellants' argument. The request for a sale for division, with its attendant right to bid on the disputed properties, is not a "defense" in any sense of the word. The request is an alternative form of relief for disposing of those properties and providing each cotenant with compensation for his interest. Code 1975, § 35-6-20, enables cotenants to effect a sale for division of property that cannot equitably be divided in kind. Madison v. Lambert, 399 So.2d 840
(Ala. 1981). In Madison v. Lambert, this court rejected an argument that § 35-6-100 destroyed a "right" to a public sale for division. "The only change brought about by § 35-6-100, etseq., is the manner in which the sale is effectuated." Madisonv. Lambert, at 842-3. Accordingly, we cannot agree with appellants that retrospective application of § 35-6-100
violated their rights under Ala. Const. 1901, § 95.
Next, appellants advance several arguments in support of their theory that Griffin and Sawyer invoked § 35-6-100 too late for it to be applied. They point out the fact that trial was scheduled for December 16, 1980, and appellees did not invoke § 35-6-100 until after that date as the result of a continuance that was granted. Appellants would conclude that the ten day notice requirement of the statute was not met. A party seeking to invoke § 35-6-100 must notify the court of his intention to do so "not later than 10 days prior to the date set for trial of the case. . . ." § 35-6-100. In essence, appellant would have us read the statute as saying "not later than 10 days prior to the date first set for trial of the case. . . ." We cannot agree with such a restrictive interpretation. Appellants' interpretation would indirectly infringe upon the discretion of the trial court to grant continuances, and directly prevent the trial court from entertaining an otherwise valid motion due to the fact a continuance from a date set for trial had been granted previously. The granting of a motion for continuance lies within the discretion of the trial court and is not to be disturbed on appeal absent a clear showing of abuse of that discretion. Marshall v. Howze, 387 So.2d 808
(Ala. 1980); B M Homes, Inc. v. Hogan, 376 So.2d 667 (Ala. 1979); Arant v. Grier, 286 Ala. 263, 239 So.2d 188 (1970). In the instant case, we cannot say that the trial court abused its discretion in granting the continuance from the December 16, 1980, trial date. After the continuance was granted, appellees invoked § 35-6-100 more than ten days prior to the newly scheduled trial date. Under these circumstances, the trial court properly entertained and granted appellees' motion invoking § 35-6-100.
Appellants argue that appellees' request under § 35-6-100
violated the pretrial order that had been reached among the parties and approved by the trial court. Appellants state that the pretrial order incorporated a settlement agreement whereby it was "understood" that there would be a public sale. If that was the case, it is not reflected in the record. The pretrial order of October 30, 1980, provides, in pertinent part:
 3. At trial the court will dismiss the bill to quiet title filed by the Slaughters and grant the counterclaim filed by the heirs of Mary Johnson and James Johnson for a sale of the property and a division of the sale proceeds.
Nowhere in the pretrial order do we find an agreement specifying that the properties would be sold at a public sale. The pretrial order and record are, in fact, silent as to the manner in which the sale would be accomplished. Even in the absence of § 35-6-100, the agreement as encompassed in the pretrial order would not allow appellants the result they seek. Where a sale for division is appropriate, the trial court could order either a public or private sale. Deverell v. Horton,285 Ala. 588, 234 So.2d 879 (1970); Copeland v. Giles, 271 Ala. 302, 123 So.2d 147 (1960). Thus, before § 35-6-100 was enacted, the trial court could order either a public or private sale in a sale for division. After that statute was enacted, a proper request mandated a sale in accordance with its provisions.Prince v. Hunter, *Page 1380 388 So.2d 546 (Ala. 1980). Because the record discloses no agreement to the contrary, we find that appellees properly invoked § 35-6-100.
Next, appellants theorize that because a pretrial order governs the course of further action, it was error for the trial court to allow the sale for division pursuant to §35-6-100 without amending it. We agree that a pretrial order may govern the future course of litigation in the action before the trial court. Currie v. Great Central Insurance Company,374 So.2d 1330 (Ala. 1979); Hardy v. Sawyer, 352 So.2d 1104 (Ala. 1977). The problem with appellants' reasoning is that as the pretrial order stood, it lacked a provision for the manner of sale of the properties. Clearly, a further order of the trial court was necessary. When the trial court ruled favorably to appellees' motions to invoke § 35-6-100, over appellants' objections, it provided a means for effecting the sale through its order. Because we have decided already that appellees could invoke § 35-6-100, we find no error in the trial court's order allowing them to invoke it. Nevertheless, appellants argue further that the trial court's order allowing § 35-6-100 to be applied to this case was erroneous because it did not actually amend the existing pretrial order. Assuming, without deciding, that it was necessary to formally amend the existing pretrial order, we still cannot agree with appellants' contention that reversible error occurred. If it was error not to formally amend the pretrial order, it was merely an error in a matter of form and harmless error under the facts of this case. The record fails to show, and no one could contend seriously, that such an alleged error in form prejudiced any party. We, therefore, find appellants' arguments on this issue to be without merit.
Finally, appellants contend that appellees are not within the class entitled to invoke the provisions of § 35-6-100. Appellants insist that Griffin and Sawyer, by seeking a partition or sale for division of the surface rights of one of the parcels of property through their amended complaint in November 1979, and by agreeing ultimately to the sale for division at the pretrial conference, took themselves out of the class entitled to assert § 35-6-100. They theorize, in effect, that Griffin and Sawyer, by their actions, have placed themselves in the position of those petitioning for a sale for division of the properties. If appellants' theory is sound, appellees arguably would not be entitled to invoke § 35-6-100. However, considering appellants' theory, we observe that it was appellants, or their predecessors in title, who originally petitioned for the sale for division of the disputed properties. Although appellees did seek a sale for division of the surface rights of one of the parcels of property, we note that the parties, as reflected in the pretrial order, agreed that the quiet title action filed by appellees' predecessors in title would be dismissed and that the "counterclaim" of appellants' predecessors in title seeking the sale for division would be granted. The pretrial order in this case superseded appellees' earlier pleading requesting a sale for division of one of the parcels of property. Currie v. Great CentralInsurance Company, supra. At the time that appellees invoked §35-6-100, appellants were clearly the "petitioners" under that statute. To characterize them otherwise would be an unfair interpretation of the facts of this case.
Appellants' contention that appellees lost their right to invoke § 35-6-100, by agreeing to a sale for division at the pretrial conference, likewise, is without merit. To hold that appellees, who had the status of respondents to appellants' petition for sale for division, could not agree to the sale without losing the benefit of the statute would serve only to encourage full litigation of such actions, and would discourage compromise and pretrial settlement. The result urged by appellants cannot be sanctioned.
Citing Ragland v. Walker, 387 So.2d 184 at 185, (Ala. 1980), appellants insist that because the purpose of § 35-6-100 is to preserve estates, appellees are not entitled to the benefit of its provisions. They maintain *Page 1381 
that because appellees' title to the disputed properties derives from a 1927 sheriff's sale, and because they are not heirs of the Johnsons, the original owners, appellees cannot invoke the statute. We disagree. This court noted in Ragland v.Walker, supra, that preservation of family estates by preventing title from passing to a stranger is a purpose of §35-6-100. However, neither this court nor the statute has limited its application solely to family estate situations. By the wording of the statute, it applies to "any property, real or personal held by joint owners or tenants in common. . . ." §35-6-100 (emphasis added). Appellants' restrictive interpretation is unsupported by this court's decisions and the language employed in the statute. We, therefore, decline to further consider their argument. The parties agreed, as reflected in the pretrial order, that appellees are tenants in common in the disputed properties. Consequently, we hold that they are within the class entitled to invoke § 35-6-100.
For all of the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.