The instant case involves two questions: Whether there was sufficient evidence offered by the plaintiffs to support the ordered sale of land pursuant to Code 1975, § 35-6-20; and whether the trial court erred in allowing plaintiffs to amend their complaint following the trial, but prior to the entry of the trial court's order, so as to remove a parcel of land from the trial court's consideration in the sale for division proceedings.
This suit was brought to sell for division land held by co-tenants. The parties stipulated that defendant-appellant, Doris Cotton, owned an undivided three-fourths interest in 991.2 acres, designated as Parcel One, and an undivided one-half interest in five acres, designated as Parcel Two. They further stipulated that appellees, Betty Cotton McMurtry and Bobby Cotton Wiley, owned an undivided one-fourth interest, or one-eighth each, in the lands designated as Parcel One, and an undivided one-half interest, or one-fourth each, in the lands designated as Parcel Two.
Plaintiffs alleged that the designated lands could not be equitably divided or partitioned among the joint owners. Following a trial where testimony was heard without a jury, the trial court found that the lands in question could not be equitably divided or partitioned among the parties and ordered it sold at public auction. Appellant's motion for a new trial was denied, and this appeal followed.
Appellant asserts that there is insufficient evidence to substantiate a conclusion of the trial court that the lands in Parcel One and Parcel Two could not be equitably partitioned. The burden of proving that a parcel cannot be fairly and equitably divided is upon the party seeking a sale for division. See Watson v. Durr, 379 So.2d 1243, 1244 (Ala. 1980), and Prosch v. Prosch, 47 Ala. App. 33, 37, 249 So.2d 855, 859
(Ala.Civ.App. 1971). If a parcel can be divided in kind, however, it must be partitioned without a sale. See Hall v.Hall, 250 Ala. 702, 705, 35 So.2d 681, 683 (1948). Where, as here, the trial court heard the evidence without the benefit of a jury, the presumptions of the ore tenus rule apply and the trial court's conclusions will not be disturbed unless they are palpably erroneous *Page 1041 
or manifestly unjust. See Sanford v. Sanford, 355 So.2d 365,369 (Ala. 1978).
The two disinterested witnesses who testified concerning partitioning the property, attested to the extreme difficulty in fairly and equitably dividing the land in kind. Danny Fulford, a licensed real estate broker in Geneva County, testified, on cross-examination by appellant's counsel, concerning the property as follows:
 "Q You testified that it would be difficult to divide this land. Why do you say that?
 "A Because you've got so many variables of the land. You've got timber that's located in different areas, and pasture, and row-crop in different areas. The biggest thing that I see is it all lies in one block there, most of it. You've got roads, but most of it lies in one block with little highway frontage for the back parts."
On direct examination by appellees' counsel, Greg Harrison, the head of the appraisal office for ad valorem taxes for Geneva County, testified as follows:
 "Q Based upon your experience in what you're doing, and your qualifications, and in viewing the land, and all of the factors relating thereto, do you have an opinion as to whether or not this land can be partitioned in kind to the extent that Mrs. Doris Cotton can receive three-fourths value in lands, and the plaintiffs receive one-eighth value each of the true value of what the land is worth?
"A Of the true value?
"Q Yes.
 "A It would be difficult. I could probably split it up mathematically and give the same number of acres, but whether those same number of acres would have the —
 "Q Would that be a representation of the true value to which each of them are entitled to?
 "A No. If some got on the river, and some on the low side of the road; the west side of the Neal Metcalf Road, that would be lower — I could probably make it look good on paper.
 "Q But would it be a true representation of the value to which they are entitled?
"A No.
 "Q You heard Mr. Fulford testify with regard to the topography of the low land and the high land?
"A Yes.
 "Q Did you view the lands from the same — in the same light that his testimony revealed?
"A Yes.
"[Appellees' counsel] That's all."
On cross-examination, Mr. Harrison testified further as to the physical characteristics of the land and the problems posed by those characteristics in partitioning the land in question:
 "Q I know we haven't got an acre of land but we've got nine hundred and something acres of land, but that alone shouldn't say that we can't partition the land, should it?
 "A Just the fact that it's a large quantity of acres, no, that wouldn't, but it's just the outlay of it. There's probably over a mile of it — maybe a mile of it touching highway, and then the rest of it is not. You would have to consider right-of-ways and newly cut right-of-ways, and the topography of the land, the value of the timber. If you had it cruised your timber cruiser would come back and tell you there's so much timber on there and it's valued at this, but then you've got to isolate each one of those."
Each appellee testified that a division in kind was not possible, while the appellant testified that a division in kind was possible.
After reviewing the testimony of the witnesses in this case, we conclude that the land was of such varied use and quality as to authorize the finding by the trial court that the land could not be equitably divided among the parties. See English v.Brantley, 361 So.2d 549, 552 (Ala. 1978); Meador v. Meador,255 Ala. 688, 53 So.2d 546, 547 (1951); Stacey v. Stacey, 250 Ala. 187,189, 33 So.2d 898, 899 (1947). *Page 1042 
With regard to the second issue of this appeal, the appellees moved to amend their complaint by striking a third parcel of land described in the pleadings. During the motion's presentation to the trial court, it was stipulated that in addition to the interest owned by the appellees and the appellant, a third party owned an interest, specifically, a life estate, in the third parcel. Appellant contends that the trial court erred by allowing this third parcel to be struck from the appellees' complaint. We disagree.
The record shows, unequivocally, that the possibility of partitioning this parcel of property was never considered or mentioned at the trial. The trial court obviously treated the appellees' motion to strike the third parcel from their pleadings as a motion for amendment to conform the pleadings to the evidence pursuant to Rule 15 (b), Ala.R.Civ.P. Although appellant asserts that an amendment of the appellees' pleading for this purpose is improper, the Committee Comments to Rule 15 read: "[T]he test as to whether amendment is proper will be functional, rather than . . . conceptual." We perceive no prejudice to the appellant resulting from the trial court's permitting this amendment; accordingly, the judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.