I concur; however, I write to make two observations. First, the Court must engraft a bidding procedure into the statute in order to make the application of Code 1975, § 35-6-100 (1984 Supp.), constitutional.
Section 35-6-100 was intended to preserve family estates by preventing title from passing to a stranger, Ragland v. Walker,387 So.2d 184 (Ala. 1980); however, the statute's applicability cannot be limited solely to family situations because the statute applies to any property held by "joint owners ortenants in common." Scott Paper Co. v. Griffin, 409 So.2d 1375,1381 (Ala. 1982).
This new bidding procedure will increase the likelihood that a stranger will acquire family property. Prior to this opinion, a stranger could purchase undivided interests in family property and then file a petition for sale for division; however, he could not buy out the family owners if they were willing to pay the appraised value of the stranger's share. In other words, a stranger could not force family members out of the estate merely by competitive bidding. Now, a stranger can buy shares of an estate, file a petition for sale for division, and buy the remainder of the estate by being the highest bidder as against family owners.
However, family estates are still somewhat protected from strangers by this holding, when the provisions of § 35-6-100
are utilized, in that the bidding among co-tenants will be private rather than public.