Kathy Jordan McIntyre sued Helen Williams, Dorothy S. Scarbrough, Bessie Gertrude Henry, Sadie McNider, John B. McNider, Betty Miller, and Alice Moore, seeking to set aside an agreement relating to approximately 4,913 acres of land held by the parties as tenants in common. McIntyre also sought an accounting and asked the trial court to enjoin the removal of any timber, gravel, or minerals from the property. McIntyre later amended her complaint, adding Gregory O. McNider and Alice V. Harris as defendants and alleging breach of contract, breach of fiduciary duty, fraud, conversion, and mismanagement of the property. McIntyre further alleged that the property could not be equitably partitioned among the *Page 448 
parties and requested that it be sold for a division of the proceeds. Alice Moore and Betty Miller were subsequently realigned as plaintiffs.
The trial court entered an order setting the partition count of the complaint for trial and requiring the defendants to answer that count of the complaint only. In response to that order, the defendants answered the partition count, denying that the property could not be equitably partitioned, and they counterclaimed for a partition, alleging that the property, except the oil, gas, and other minerals, could be equitably partitioned. The counterclaim requested that the interests of the defendants be treated as one interest for partition purposes, and they offered to pay owelty. Before trial, the plaintiffs and some of the defendants filed a notice of intent to purchase the interests of all the parties who had agreed to a sale of the property, pursuant to Ala. Code 1975, § 35-6-100. Some of the defendants did not file a notice of intent to purchase.
After a nonjury trial, the court entered an order holding that the property had a value of $5,300,000 and that it could not be equitably partitioned; the trial court ordered that it be sold at a private sale, pursuant to § 35-6-100. Before the sale, the trial court required the parties who had complied with the notice provisions of the private sale to pay into court the price of the interests to be purchased, appointed a guardian ad litem to represent the interests of minors who were beneficiaries of a trust that owned an interest in the property, and established a bidding procedure.
Under the bidding procedure established by the trial court, McIntyre was the highest bidder, and she purchased the property for $7,950,000. Following the sale, the trial court held a confirmation hearing. At the hearing, the parties filed a stipulation, stating that before the sale McIntyre had entered into a contract with Springdale Stores, Inc., under which McIntyre had agreed to convey the property to Springdale Stores (in the event she was the highest bidder) and Springdale Stores had agreed to guarantee a loan from SouthTrust Bank to McIntyre for the funds necessary for McIntyre to bid. Also at the hearing, the defendants raised several objections to the sale of the property. The trial court overruled the objections and orally confirmed the sale. Subsequently, the trial court entered a written order confirming the sale and awarding the plaintiffs a $704,974.95 attorney fee and the guardian ad litem a $2,200 fee. The sale and confirmation orders were made final pursuant to Rule 54(b), A.R.Civ.P. Defendants Helen Williams, Dorothy S. Scarbrough, John B. McNider, and Bessie Gertrude Henry (hereinafter referred to collectively as "Williams") appeal.
Williams argues that the plaintiffs did not meet their burden of proving that it was not possible to allocate to each of the cotenants a tract of land proportionate in value to their interests in the whole tract and that, therefore, the trial court erred in determining that the property could not be equitably partitioned. Williams contends that because the property is a large tract and because there are few owners, the property could be equitably partitioned.
A trial court's finding that land cannot be equitably partitioned is presumed to be correct and will not be reversed unless it is plainly or palpably erroneous. Black v. Stimpson,602 So.2d 368 (Ala. 1992). In its order holding that the property could not be equitably partitioned, the trial court stated:
 "At the trial, Plaintiffs presented their case through three (3) expert witnesses, Earl Flowers, William M. Wright, and John Russell Wilson. Testifying on behalf of the defendants were two (2) expert witnesses, Robert L. Nelson and Edward F. Travis. All of the testimony produced at the hearing confirms that the subject land, which consists of more than 4,800 acres located in Clarke and Marengo Counties, Alabama, is of a very diverse type and nature. The property consists of varied types of timber, and also has commercial and recreational forest and agricultural lands. One of the defendants' experts, Edward F. Travis, testified that the property consists of upland pine land, natural pine plantations and old fields, agricultural fields, game plots, bottomland hardwood and creek bottoms, ponds and lakes, roads *Page 449 
and gravel pits, and a house and campsites. Both Earl Flowers and John Russell Wilson testified on behalf of the plaintiffs that the topography was [of] a varied type and nature. All three of the plaintiffs' experts testified that the property could not be equitably divided and that it should be sold and the proceeds of the sale divided among the joint owners. Only one expert witness at the trial, Edward F. Travis, testified that the property could be equitably divided but, when asked at the hearing how the property could in fact be equitably divided among the joint owners, Mr. Travis could not answer the question. Robert L. Nelson testified inconclusively with regard to whether or not the land could be divided or should be sold."
There was conflicting evidence at trial as to whether the property could be equitably partitioned. We see no error in the trial court's finding that it could not be.
Williams also argues that Springdale Stores is not a "joint owner" within the meaning of Ala. Code 1975, § 35-6-100, and that in clear contravention of that statute Springdale Stores has acquired the property as a result of the sale in this case. Specifically, Williams contends that under the agreement between McIntyre and Springdale Stores, Springdale Stores had the right to control the amount of bidding at the sale and that the trial court has effectively allowed a nonowner to bid on the property at a private sale and, as a result, the property will no longer be owned by one of the joint owners, but by a stranger.
Section 35-6-100 provides:
 "Upon the filing of any petition for a sale for division of any property, real or personal, held by joint owners or tenants in common, the court shall provide for the purchase of the interests of the joint owners or tenants in common filing . . . the petition or any others named therein who agree to the sale by the other joint owners or tenants in common or any one of them. Provided that the joint owners or tenants in common interested in purchasing such interests shall notify the court of [the] same not later than 10 days prior to the date set for trial of the case and shall be allowed to purchase whether default has been entered against them or not."
This Court has held that the purpose of § 35-6-100 is to allow cotenants who wish to preserve their property intact to purchase the interests of any cotenants wishing to sell the property for a division of the proceeds, and thereby to prevent the passing of title to a stranger at a forced sale. McGee v.McGee, 495 So.2d 1081 (Ala. 1986); Black v. McCorvey,428 So.2d 607 (Ala. 1983); Ragland v. Walker, 387 So.2d 184 (Ala. 1980). The legislature did not intend, however, to keep title from passing to a stranger at the cost of selling the property at a lesser value. Section 35-6-100 does not prohibit a joint owner from buying the interests of the other owners and subsequently selling the property to a "stranger."
In this case, the trial court found that the property had a value of $5,300,000. McIntyre, a cotenant, was the highest bidder and purchased the property for $7,950,000. Springdale Stores was not a bidder at the sale, even though it had agreed to purchase the property from McIntyre in the event she was the highest bidder and even though it guaranteed the loan through which McIntyre got the money to bid with. As a result of this sale, the parties were able to sell the property for $2,650,000 more than the value found by the trial court. McIntyre is not prohibited from subsequently selling the property to Springdale Stores. The trial court did not err in confirming the sale of the property to McIntyre.
Williams next contends that the trial court erred in requiring the defendants who had filed a notice of intent to purchase the plaintiffs' interest to bid on the interests of the defendants who did not file a notice and who did not agree to the sale. We have reviewed the record, however, and find no error in the trial court's order establishing the bidding procedure.
Williams further argues that the trial court erred in refusing to except the oil, gas, and other minerals from the sale of the property. The complaint seeking a sale for division does not exclude mineral rights, however, and the parties stipulated that the joint *Page 450 
owners owned the property. The trial court did not err in failing to except the oil, gas, and mineral rights.
Williams's final argument is that the trial court abused its discretion in awarding attorney fees to the plaintiffs' attorneys and the guardian ad litem. After reviewing the record, however, we conclude that the fees are supported and that the trial court did not err in awarding the fees.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON, STEAGALL, INGRAM and COOK, JJ., concur.
ALMON, J., concurs in the result.