The following statement appeared in the November 1, 1995, order:
 "It is hereby ORDERED that the Court will conduct a hearing on the 20th day of November, 1995, at 2:00 p.m. o'clock for the purpose of setting attorney's fees, for approving the cost of the Herndon, Hicks Associates charge for making the survey of the access roads, and for entering such other orders as may be appropriate."
(Emphasis added.) If under our rules an order with a provision such as this in it is nevertheless a final order for the purpose of starting the 42-day time for appeal (and I do not think it is), then our rules have created a trap for litigants, their attorneys, and trial courts. *Page 122 
The majority refers to the December 18, 1995, order relating to attorney fees. On December 19, 1995, the court entered a more detailed order relating to attorney fees, but that December 19 order did more than just deal with the issue pertaining to the award of attorney fees. It directed the plaintiffs-purchasers to pay certain sums to the clerk of the court, and it directed the clerk, after such sums were paid, to execute and deliver to the plaintiffs-purchasers six deeds approved by the court. The December 19 order stated, "The Court's approval of the deeds [is] evidenced by the signature of [the trial judge] subscribed on each deed." Without this, the purchasers had no legal title to the property that they had purchased at the sale for division.
In my opinion, any aggrieved party had 42 days from December 19, 1995, to appeal. I think this appeal was timely filed, as to all issues the appellants attempt to raise here. I dissent from the holding that the appeal was timely only as to the issue of attorney fees.
Therefore, I have carefully reviewed all of the issues raised in the appellants' brief. I have determined that the trial court was not plainly and palpably wrong in entering the orders that it entered in this case. Circuit courts, by the statutes governing partition, possess broad powers "to divide or partition, or sell for partition, any property, real or personal, held by joint owners or tenants in common." Ala. Code 1975, § 35-6-20. In exercising these broad powers, the trial court made findings of fact based on conflicting testimony and other evidence. These findings must be accorded a presumption of correctness and must not be reversed unless they are plainly and palpably erroneous. Williams v. McIntyre, 632 So.2d 446,448 (Ala. 1993). I concur as to the issue regarding the award and distribution of attorney fees.
MADDOX, J., concurs.