THOMPSON, Judge.
On December 8, 2000, Uptown Motors, Inc., sued Francis LaJoy Steadman; in its complaint, Uptown Motors sought a division of certain real property that it owned in joint tenancy with Steadman. The trial court conducted an ore tenus hearing. On June 29, 2001, the trial court entered a judgment ordering that the property be sold. Steadman appealed. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
Pursuant to § 35-6-20, Ala.Code 1975, a joint owner of real property may seek to have property partitioned or sold for division. Ragland v. Walker, 387 So.2d 184 (Ala.1980). “The circuit court shall have original jurisdiction to divide or partition, or sell for partition, any property, real or personal, held by joint owners or tenants in common....” § 35-6-20, Ala. Code 1975.
“Before a sale under [§ 85-6-20, Ala. Code 1975,] is authorized, proof that the land cannot be equitably divided is required. Once a tenant in common has averred and proved that the parcel cannot be equitably divided, this Court has interpreted Code 1975, § 35-6-20, as giving that co-tenant the right to demand partition of the land held in coten-ancy.”
Watson v. Durr, 379 So.2d 1243, 1244 (Ala.1980) (footnotes omitted). If a joint owner is unable to demonstrate that the real property cannot be equitably divided among the joint owners, the property must be partitioned and not sold. Cotton v. McMurtry, 440 So.2d 1039, 1040 (Ala.1983). The party seeking the sale for division has the burden of proving that the property cannot be equitably divided between the joint owners. McGee v. McGee, 495 So.2d 1081 (Ala.1986); Cotton v. McMurtry, 440 So.2d 1039 (Ala.1983); Watson v. Durr, supra; Carden v. Vanderslice, 336 So.2d 1082 (Ala.1976). The trial court’s determination of whether the property may be divided equitably among the joint owners is entitled to the ore tenus presumption of correctness. English v. Brantley, 361 So.2d 549 (Ala.1978); Meador v. Meador, 255 Ala. 688, 53 So.2d 546 (1951).
The evidence in this case indicates that the property in dispute consists of 80 acres located in Walker County. Steadman testified that the property at issue in this case has been in his family for approximately 60 years, and that his mother owned the property at the time of her death. Stead-man has a number of siblings. Steadman testified that after his mother died, he and two of his sisters, Martha Steadman Lollar and Mary Myers, purchased all other heirs’ interests in that property. Thereafter, Steadman, Lollar, and Myers owned undivided one-third interests in the entire 80 acres. Myers later deeded one-half of *686 her interest in the property to her daughter, Sherry Spain.
Uptown Motors conducts coal-mining operations. Uptown Motors owns much of the land surrounding the property at issue in this dispute, and it has conducted coal-mining operations on those lands. Uptown Motors wants to mine the coal on the property. It obtained preliminary permits to allow it to mine the property for coal, apparently assuming that it would eventually purchase the property. On June 5, 2000, Uptown Motors purchased the interests in the property held by Lollar, Myers, and Spain. On that same date, Uptown Motors contracted to return to Lollar, Myers, and Spain their interests in the property after it had completed its planned coal-mining operations on the property.
Steadman rejected Uptown Motors’ offers to purchase his interest in the property. Therefore, Uptown Motors filed a “complaint for division,” asking the trial court to order the property sold. Given the nature of the relief sought in its complaint, Uptown Motors impliedly asserted that the property could not be equitably divided between the joint owners. See Madison v. Lambert, 399 So.2d 840, 843 (Ala.1981) (holding that by seeking a sale for division, the plaintiff “conditioned his prayer for relief on the jurisdictional assertion that the property cannot be partitioned in kind”).
Steadman testified that the property could be divided so that he would receive his one-third interest; he believed the property “could be divided ... [in] any direction.” Steadman testified that he would like to have the northern portion of the property. Uptown Motors submitted as an exhibit a map depicting the areas for which it had obtained preliminary permits to mine coal; that map indicated that Uptown Motors planned to use the majority of the property for its mining operations. Steadman testified that according to that map, there was no way to divide the property so as to award him his proportionate interest in the property without including an area Uptown Motors wanted to use for coal mining. Thus, any partition of the property according to the parties’ interests would necessarily have included in any award to Steadman property that Uptown Motors wished to use for its proposed mining operation on the property.
Charles Justice, the president and owner of Uptown Motors, testified that the property consists of “just hills and hollows,” and that the property is unimproved and not used for cultivation. The property was cleared of its timber four to five years before the trial; the property is now wooded with volunteer growth. The property is not accessible by a passable road. Justice testified that, at least to him, the property had no economic value other than that derived from its use for coal mining.
Justice testified that Uptown Motors had invested money in the coal-mining operation for a large area that included the property in dispute in this action. Justice testified that Uptown Motors already intended to mine the majority of property at issue in this case; that it planned to investigate the feasibility of mining the remainder of the property; and that it intended to construct a sediment pond on the property that would serve not only the coal-mining operation on the property at issue but also the mining operations conducted on adjacent lands.
Justice testified that without knowing exactly where the coal deposits on the property were located, he “would not know where to divide” the property. Justice also testified that the property could not be partitioned in a manner that would allow Uptown Motors to perform its mining operations in a cost-effective manner, especially with regard to its other mining *687 operations on nearby lands. Justice stated that he would prefer that the trial court order the property to be sold at auction.
Steven R. Ingle, a professional mineral engineer, testified regarding the areas of the property that Uptown Motors planned to mine. Ingle testified that because the ownership of the property was in dispute, he had not been able to conduct proper testing to determine the feasibility of mining the property for coal. Ingle testified, however, that his estimates derived from the nature of the coal reserves on adjacent property had formed the basis for Uptown Motors’ plans to mine the majority of the 80 acres of property in dispute. Ingle also testified that if Uptown Motors was not allowed to mine the property in accordance with its proposed mining plan, the costs of its mining operations both on the property at issue and on the adjacent lands would be increased. Ingle testified that dividing the property so as to award Steadman his one-third interest in the property would make Uptown Motors’ plans to mine the property economically inefficient.
In its judgment, the trial court determined that the property could not be equitably divided because the parties had differing opinions regarding the nature of the continuing use of the property. The trial court ordered that the property be sold.
Initially, we note that on appeal, Steadman raises two related procedural issues: whether the trial court should have considered Uptown Motors’ contract to deed its interests in the property back to Lollar, Myers, and Spain after Uptown Motors had conducted its planned coal mining as the functional equivalent of a lease, and, therefore, whether Lollar, Myers, and Spain were necessary parties to this action. In its judgment, the trial court found that because Steadman did not present any argument or evidence regarding the validity or the effect of the contract, that issue was not before the court. After examining the record, we conclude that the evidence supports that determination. We further note that issues not presented to and properly argued before the trial court may not be raised for the first time on appeal. Andrews v. Merritt Oil Co., 612 So.2d 409 (Ala.1992). Therefore, we agree with the trial court’s determination that the evidence indicated that only Steadman and Uptown Motors had interests in the property and, therefore, that they were the only parties necessary to the resolution of this dispute.
Steadman also argues that the evidence does not support the trial court’s determination that the property could not be equitably divided. Therefore, Steadman argues, the trial court erred in ordering that the property be sold. See Cotton v. McMurtry, supra.
Our supreme court has affirmed judgments in which a trial court found that property could not be equitably divided and ordered a sale for division where the evidence indicated that the property in dispute was of varied topography or use, or where the joint owners’ interests were small. See Williams v. McIntyre, 632 So.2d 446, 448 (Ala.1993) (affirming a judgment that ordered the sale of property “ ‘of a very diverse type and nature,’ ” where experts testified that the property could not be equitably divided); Irons v. Le Sueur, 487 So.2d 1352, 1356 (Ala.1986) (affirming a judgment determining certain property could not be equitably partitioned according to the interests of the 12 joint owners); Cotton v. McMurtry, supra (the property was of such diverse use and had so little area with access to a public road that a division among the joint owners was not feasible); English v. Brantley, 361 So.2d 549, 551-52 (Ala.1978) (affirming a judgment determining that 140 acres of property that varied in its use and quality *688 could not be equitably divided among 57 joint owners with interests ranging from 1/6 to 1/396).
Our supreme court has reversed judgments ordering a sale for division where the evidence did not support the trial court’s determination that the property at issue could not be equitably partitioned. For example, the court held that where a party’s testimony that the property could be divided, but not equitably, was “conclu-sory” and “equivocal and very meagre,” that evidence did not support the trial court’s judgment that the property could not be equitably divided among the joint owners. Murphy v. Dees, 293 Ala. 529, 533, 307 So.2d 1, 4 (1975). The court reversed a judgment ordering a sale for division where the evidence indicated that the parties advocating the sale wanted only one-half of the jointly owned property; the court concluded that the trial court could have partitioned the property to award the other half of the property to the parties who opposed the sale for division. Fendley v. Lambert, 286 Ala. 179, 182, 238 So.2d 346, 349 (1970). Also, where the only evidence presented in support of a petition for a sale by division was that the property in dispute was “ ‘pretty hilly,’ ” the court concluded the trial court erred in determining the property could not be equitably partitioned. Raper v. Belk, 276 Ala. 370, 371, 162 So.2d 465, 466 (1964).
In this case, Uptown Motors had the burden of establishing that the property could not be equitably divided. McGee v. McGee, supra; Cotton v. McMurtry, supra. At the trial, Uptown Motors presented evidence indicating that the property is not accessible by a paved road, that it is not improved or in use for cultivation or forestry, and that its topography is essentially uniform. Steadman testified that the property could be divided in almost any manner. Justice and Ingle testified, however, that any division that would afford Steadman his one-third interest in the property would create economic inefficiencies for Uptown Motor’s proposed mining of the property and for its mining of the adjacent lands.
The record contains no evidence indicating that the property could not be, because of its nature, topography, or current uses, divided among the joint owners. The evidence in the record supports only a conclusion that partitioning the property to award Steadman his proportionate ownership interest in the property would not be economically efficient for Uptown Motors. However, that is not the standard of proof necessary for obtaining a sale for division. “[T]he petitioning party has the burden to plead and prove that the property cannot be equitably partitioned.” McGee v. McGee, 495 So.2d at 1082.
We conclude that the evidence Uptown Motors presented was insufficient to support the trial court’s determination that the property could not be equitably partitioned among the joint owners. Therefore, we must reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES, P.J., and PITTMAN and MURDOCK, JJ., concur.
CRAWLEY, J., concurs in the result.