289 So.2d 606

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation**

**v.**

**James E. MARTIN, Individually, and Selithia Martin, a minor who sues By and Through her father and next friend, James E. Martin.**

**SC 223.**

Supreme Court of Alabama.

Jan. 24, 1974.

Rehearing Denied Feb. 21, 1974.

Timothy M. Conway, Jr. and Rives, Peterson, Pettus, Conway & Burge, Birmingham, for appellant.

Maurice Rogers, Birmingham, for appellees.

MADDOX, Justice.

The question presented here is whether James E. Martin, one of the named insured, was covered by the "uninsured motorist" provisions of State Farm's policy. Martin's daughter, Selithia, was seriously injured when struck by an uninsured motorist. State Farm denied coverage, claiming that James Martin had rejected uninsured motorist coverage, when application for the policy was made. The dispute over coverage ended in this declaratory judgment proceeding, in which Martin, as plaintiff, claimed that he was covered under the policy and that he had at no time rejected the uninsured motorist coverage.

The trial court, after hearing, found for Martin and held that the daughter, Selithia Martin, was covered.

State Farm appeals from the adverse judgment.

State Farm argues three assignments of error: (1) the lower court erred in holding the Martins are entitled to uninsured coverage; (2) the lower court erred in holding the rejection form was legally insufficient; (3) the lower court erred in holding the law requires a named insured to sign a rejection of uninsured coverage.

Some of the facts were disputed. State Farm contends that James Martin had a policy of automobile liability insurance with another company and when that company went up on its renewal rate, Martin started shopping for a lower rate and called its agent. State Farm says its agent went to the Martin home and James Martin told his wife to "handle the dealings" with the agent. The wife sat down at a table with the agent and answered several questions. James Martin was not in the same room all the time. Mrs. Martin signed an application for automobile liability insurance and a rejection of uninsured motorist coverage and a statement regarding the number of miles travelled. From the evidence, the court could have found Mrs. Martin was the primary user of the car. James Martin signed nothing, not even the application, although he was listed as a "named insured." The evidence is disputed as to whether uninsured motorist coverage was discussed between the Martins and State Farm's agent. In any

event, the policy was issued and was in force on the date when Selithia Martin was struck and injured by an uninsured motorist.

As we view the appeal, two questions are presented, namely, was the trial court's finding of fact that James Martin was covered under the uninsured motorist provision of the policy clearly and palpably erroneous, and did the trial court erroneously construe Alabama law regarding rejection of uninsured motorist coverage. We think not.

■ In Alabama, uninsured protection is required in all automobile liability policies unless rejected. Act No. 866, Acts of Alabama 1965, p. 1614, carried as Title 36, § 74(62a), Code of Alabama 1940, (Recompiled 1958). ·

Our Uninsured Motorist statute provides:

"No automobile liability or moter (sic) vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in subsection (c) of Section 5, of the Motor Vehicle Safety-Responsibility Act (Code 1958, Title 36, Sec. 74(46)), under provisions approved by the Commissioner of Insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage; and provided further, that unless the named insured requests such coverage in writing, such

coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with the policy previously issued to him by the same insurer."

A careful examination of Act No. 866 shows that our statute requires uninsured motorist coverage to be provided the *named insured*. The key words in this statute are:

". . . [C]overage . . . for the protection of *persons insured thereunder* who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . ." [Emphasis added.]

See Safeco Insurance Co. of America v. Jones, 286 Ala. 606, 243 So.2d 736 (1970).

■ This general provision of Act No. 866 is qualified by a proviso:

". . . [P]rovided, that the *named insured* shall have the right to reject such coverage. . . . ."

A proviso limits or modifies the enacting clause, and should be strictly construed in accord with the general purpose of the enactment. See 18 Alabama Digest, Statutes, ☞228.

The Department of Insurance of the State of Alabama, on its letterhead sent a notice by mail to "all companies writing automobile liability insurance in the State of Alabama." This letter contained the following:

". . . [T]he 1965 Legislature passed, effective January 1, 1966, Act No. 866 which provides that no automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle

registered or principally garaged in this State unless uninsured motorist coverage (Family Protection) is provided therein or supplemental thereto, in limits for bodily injury or death as set forth in Subsection C of Section 5 of the Motor Vehicle Safety-Responsibility Act ($10,000/20,000 bodily injury).

"This coverage shall provide for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease including death resulting therefrom. *The named insured shall have the right to reject this coverage but such rejection shall be in writing signed by the named insured.*" [Emphasis added.]

While the Department of Insurance does promulgate from time to time formal regulations, the memorandum sent to insurance companies about uninsured motorist coverage was not made a numbered regulation.[1]

A rejection form was introduced into evidence showing Beulah Martin signed a form indicating she rejected uninsured motorist coverage. She denied remembering uninsured motorist coverage being discussed, however.

The court concluded that the Commissioner of Insurance had supervisory power to administer the procedures used by insurance companies regarding rejection of uninsured motorist coverage; that the "memorandum or directive of the Superintendent of Insurance . . . is proper procedure for insurance companies in handling rejection of uninsured motorist;" that the directive was consistent with the power of the Insurance Commissioner and was reasonable. The court concluded that James Martin was covered because the purported rejection of coverage upon which the company relied was "legally insufficient."

Finding no reversible error in the judgment appealed from, we affirm.

Affirmed.

MERRILL, HARWOOD and FAULKNER, JJ., concur.

HEFLIN, C. J., concurs in result.

---

1. The record indicates that at the time State Farm received the Insurance Department memorandum, it had already printed its rejection forms and requested permission to use the forms already on hand. This permission was granted. It is interesting to note that State Farm used a form to notify its current automobile liability policyholders which stated that rejection of uninsured motorist coverage should be in writing. State Farm's rejection form read, in part, as follows:

   "The Alabama Legislature has enacted legislation requiring all automobile liability insurance policies in the state to provide uninsured automobile coverage *unless rejected in writing by the policyholder.*" [Emphasis added.]