BEATTY, Justice.
This is an appeal from a decree ordering the sale of certain real property for division. We reverse and remand.
The plaintiffs-appellees filed their complaint on December 6, 1978, alleging that they and the defendants were tenants in common of certain real estate in Autauga County, that it could not be equitably divided without a sale of it for division, and prayed for that sale and division of the proceeds. The complaint was amended on January 15, 1979, in order to realign some of the parties. On May 17, 1979, six of the defendants filed an answer and counterclaim to the amended petition, followed by the filing, on June 1, 1979, of an answer on behalf of certain minor defendants.
*916 On July 18, 1979, one of the defendants, Glossie Gibbons, filed a request to purchase the interest of the plaintiffs in the subject property. The cross-plaintiffs filed a motion to strike this request on August 6, 1979, whereupon on August 7, 1979, the defendant Gibbons filed his amended request to purchase the interest of “the plaintiffs and any defendants who wish to sell the property ... at the reasonable and fair market value. .. . ” The defendants filed their answer to the cross-claims on August 7, 1979, and Gibbons filed his answer to the amended petition on October 15, 1979.
On November 9, 1979, the plaintiffs filed a motion to strike Gibbons’s request to purchase, alleging that Act 79-334 (Code of 1975, § 35-6-103) was unconstitutional on the ground of equal protection. The cross-plaintiffs filed a like motion to strike on similar grounds, alleging also that the acts destroyed the right of tenants in common, at their election, to a sale at public outcry to the highest and best bidder, or to a private sale in a free market.
On December 17, 1979, the trial court, following a hearing on the request to purchase and the motions to strike, entered a decree granting those motions. The reasons given for this action may be summarized as follows:
1. A denial of equal protection, in that plaintiffs and the defendants belong to the same class, but the statute allows only the defendants to purchase the property;
2. A denial of due process of law, in that the allowance of a value fixed by court-appointed appraisers denies to plaintiffs any procedure for questioning the basis of values ascertained;
3. A denial of the right of free alienation of an interest in land in the market place through a public or private sale.
The plaintiffs moved for a final hearing on March 5,1980, and on March 8,1980, the trial court set the cause for a final hearing on April 25, 1980.
Apparently the necessity for subsequent pleading delayed the final hearings, viz., a second amended petition for sale for division was filed on July 7, 1980. Glossie Gibbons filed his answer on July 28, 1980, and the defendants-cross-plaintiffs answered on September 11, 1980. On August 14, 1980, the trial court ordered the final hearing to occur on September 12. 1980, and on that date ordered the sale.
This case is analogous to Kittrell v. Benjamin, Ala., 396 So.2d 93 (1981) and Madison v. Lambert, Ala., 399 So.2d 840 (1981), wherein similar attacks were made upon the constitutionality of § 35-6-103. The exhaustive analyses in those cases explain away any denial of either due process or equal protection to those who are parties to the proceeding. With regard to the objection that the values of the interests fixed by appraisers cannot thereafter be questioned, we take note that, under § 35-6-101 the Court is required to appoint competent appraisers. And under § 35-6-101, payment is to be approved by the Court. Nothing contained in those statutes prevents objection to the competence of the appraisers or to the amount set by them as the values of the interests to be purchased, as explained in Madison, supra. Should any such issues arise, the Court is not without authority to resolve them according to its traditional practice.
We note also that this petition was filed on December 6,1978, before the effective date of § 35-6-100, which was July 17, 1979. The date of the final hearing in this case, however, was September 12, 1980.
In Kittrell, this same factual situation was considered, i.e., whether § 35-6-100 was applicable to the facts inasmuch as the action was filed before the statute’s effective date. Section 35-6-100 states:
Upon the filing of any petition for a sale for division of any property, real or personal, held by joint owners or tenants in common, the court shall provide for the purchase of the interests of the joint owners or tenants in common filing for the petition or any others named therein who agree to the sale by the other joint owners or tenants in common or any one of them. Provided that the joint owners *917 or tenants in common interested in purchasing such interests shall notify the court of same not later than 10 days prior to the date set for trial of the case and shall be allowed to purchase whether default has been entered against them or not.
We held in Kittreh that these facts did not require retrospective application because of the language “the date set for trial of the case .... ” In other words,
[i]f § 35-6-100 was effective prior to the date set for trial and if the defendants’ request was made “not later than 10 days prior to the date set for trial,” § 35-6-100 should have been applied. [396 So.2d 95.]
Under the facts in this case the request of Glossie Gibbons was timely filed.
Accordingly the judgment must be reversed and the cause remanded for further proceedings not inconsistent with this opinion. It is so ordered.
REVERSED AND REMANDED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.