TORBERT, Chief Justice.
The original appeal and cross-appeal in this case were dismissed by this Court on October 1, 1982. The appeals have been reinstated, and the opinion issued October 1, 1982, is withdrawn.
Both parties had purported to appeal from a decree entered on February 4, 1982. There was no decree entered on that date, and therefore, pursuant to Rule 3, A.R.A.P., the appeals were dismissed. The application for rehearing included a stipulation to correct the record to show that the final decree was entered on February 16, 1982. The application for rehearing was overruled on November 5, 1982, without an opinion.
Upon further review of the record in this case it appears that the misstatement made by both parties was inadvertent. An appeal should not be dismissed simply because the parties erroneously refer to the wrong date. This is particularly true in this case, where there is no real dispute concerning the correct date and the parties have entered a stipulation to correct or modify the record. Thus, following the stipulation of the parties, the jurisdiction of this Court was properly invoked and the appeals were reinstated on November 19, 1982, ex mero motu.
At issue in these appeals is the interest of the plaintiff in the improvement on real property to be sold for division, and the right of the defendants pursuant to Code 1975, § 35-6-100, to purchase one of the two parcels to be sold. The defendants appeal the trial court’s holding that the plaintiff was entitled to share in that portion of the proceeds of the sale of the improved property which would have been allocable to the improvement, and the plaintiff cross-appeals the trial court’s holding that the defendants were entitled to purchase one or both of the two parcels to be sold.
This suit was filed on July 23, 1979, by Bill Lambert against Nicholas Madison, et ah, praying for a sale for division of approximately 105 acres of real property in Montgomery County. The parties were tenants in common of all the real property; however, the tract was, in fact, two parcels (Parcel I and Parcel II) because the proportionate ownership of the tenants in common in each parcel differed.
Prior to the hearing on the prayer for a sale for division, five of the defendants, pursuant to Code 1975, § 35-6-100, offered to purchase the interest of the plaintiff in all of the real property. Plaintiff Lambert successfully argued to the trial court that Code 1975, § 35-6-100 et seq., was unconstitutional. This Court reversed that ruling and remanded the case for further proceedings. Madison v. Lambert, 399 So.2d 840 (Ala.1981).
The trial court appointed an appraiser and, following a hearing, issued an order approving the appraisal. At the hearing the defendants requested that the court separate the two parcels of land for the purpose of the offer to purchase under § 35-6-100. At the close of the hearing the trial court granted this request; the plaintiff appeals from this ruling.
It appears from the evidence that Parcel I and Parcel II differ significantly in value. Parcel I is unimproved land consisting of approximately 82 acres having an appraised value of $183,150.00. Parcel II consists of approximately 22 acres having an appraised land value of $70,667.00, with one building on the parcel which was appraised as contributing $61,200.00 to the value of the property, for a total of $131,867.00. On February 11, 1980, defendants offered to buy both parcels; on February 4, 1982, *27 when the hearing was held, the defendants’ request that the two parcels be separated for the purpose of sale was granted. The trial court’s order stated “That Defendant’s offer to purchase may be applied to Parcel I only, to Parcel II only or to both Parcel I and Parcel II.” The plaintiff argues that this separation for sale was improper.
The provision governing the sale of one joint owner’s interest to another joint owner is § 35-6-100:
“Upon the filing of any petition for a sale for division of any property, real or personal, held by joint owners or tenants in common, the court shall provide for the purchase of the interests of the joint owners or tenants in common filing for the petition or any others named therein who agree to the sale by the other joint owners or tenants in common or any one of them. Provided that the joint owners or tenants in common interested in purchasing such interests shall notify the court of same not later than 10 days prior to the date set for trial of the case and shall be allowed to purchase whether default has been entered against them or not.”
Code 1975, § 35-6-100. The matter of whether a tract can be sold in parcels under this section has not been addressed by this Court. The plaintiff argues that allowing the defendants the option to purchase one or both of the two parcels is inequitable. We do not agree.
The complaint in this case dealt separately with the two parcels of land. Further, the proportionate interests of the various owners differed in relation to the two parcels. In addition, the court-ordered appraisal of the land was based upon the fair market value of the two parcels taken separately. Under Code 1975, § 35-6-102, the defendants will be required to pay the court-ordered value of either parcel in order to buy out Lambert’s interest in the property. We fail to see how this procedure is inequitable to the plaintiff. While there is no Alabama ease law on this issue, this approach has been allowed in various other jurisdictions. See e.g., Howell v. Howell, 159 Ga. 603, 126 S.E. 374 (Ga.1925); Birckner v. Tilch, 179 Md. 314, 18 A.2d 222 (Md.1941).
Plaintiff also argues that the defendants failed to give notice of the offer to purchase the plaintiff’s interest 10 days pri- or to the trial. Defendants had given notice of an offer to purchase the entire tract on February 11, 1980. The case came to trial on September 2, 1980. The trial court held § 35-6-100 to be unconstitutional and an appeal was taken to this Court. On June 5, 1981, this Court reversed and remanded the case to the trial court, which ordered an appraisal. On February 4, 1982, that report was presented and the request made to separate the two parcels for the purpose of § 35-6-100.
The plaintiff argues that the ten-day notice provision should be strictly construed, citing us to State Farm Mutual Automobile Insurance Co. v. Martin, 292 Ala. 103, 289 So.2d 606 (1974). In that case this Court stated, “A proviso limits or modifies the enacting clause, and should be strictly construed in accord with the general purpose of the enactment.” 292 Ala. at 105, 289 So.2d 606. (Emphasis added.)
Section 35-6-100 is designed to keep co-tenants from being divested of their ownership rights in real property by a sale for division. After the appraisal it became evident to the defendants that the cost of purchasing both parcels was prohibitive. We see no reason to deny them the right to protect their interest in the real property by purchasing only one parcel, particularly where there has been no indication that the plaintiff will suffer under this approach.
We hold that the offer to purchase made on February 11, 1980, served to give the plaintiff sufficient notice of the defendants’ desire to purchase their cotenant’s interest. The separation of the two parcels by the trial court which, in fact, did no more than recognize the different ownership of the two areas, should not affect the notice given earlier. Thus, we find no error in the trial court’s holding that the notice given on February 11, 1980, was effective.
*28 The defendants appeal from a holding by the trial court that plaintiff Lambert’s ownership interest in Parcel II extended to the improvement located thereon. The land that is labelled as Parcel II was originally owned in fee simple by the Eli and Frances Madison Memorial, Inc. (hereinafter Memorial), and several descendants of Eli Madison as tenants in common. Lambert, the plaintiff in this action, purchased his interest in Parcel II from several of the descendants of Eli Madison. The trial court found that Lambert’s ownership interest in Parcel II was 13.69% and that this applied to the improvement as well as to the land.
The improvement on the parcel came about as a result of efforts by the Madison Park Neighborhood Association to raise the money necessary to construct a building for community activities. The association raised the money by various means, including contact with all of the descendants of Eli Madison for the purpose of securing contributions. The record indicates that all of the family members were notified of the project and many contributed to it.
The defendants urge this Court to reverse the trial court’s holding that Lambert is entitled to a portion of the proceeds alloca-ble to the sale of the improvement on Parcel II. They state that all parties concerned with the original construction of the building believed that the Memorial was the solé owner of the parcel, and contend that because of this belief, the Memorial alone would be entitled to the proceeds allocable to the sale of the building. They cite us to several Alabama cases which support this result.
“We have a line of cases in this State which hold that if a tenant in common is in possession of land with a bona fide claim of full ownership, not knowing of the claim of another to be a cotenant, and makes such permanent improvements on the land as to enhance its market value, if it subsequently develops that another owns an undivided interest and the land is sold for division in equity, the court will ascertain the true amount of the market value which such improvements added to the sale price, and out of the proceeds to be refunded to the cotenant who thus enhanced the sale value of the property. Staples v. Pearson, 230 Ala. 62, 159 So. 488, 98 A.L.R. 852; Porter v. Henderson, 203 Ala. 312, 82 So. 668; Winsett v. Winsett, 203 Ala. 373, 83 So. 117; McDaniel v. Louisville and Nashville R. Co., 155 Ala. 553, 46 So. 981. Compare L.R.A. 1915B, 962, notes.”
Gordon v. McLemore, 237 Ala. 270, 272, 186 So. 470, 471 (1939).
Plaintiff agrees that this is a correct statement of the law; however, he also argues that the Memorial knew of the outstanding interests in the property and therefore does not fall within the rule. We agree that the facts support the trial court’s conclusion that that rule does not apply.
This was a parcel of land owned by the descendants of twelve brothers and sisters. Only three of the descendants deeded their interest to the Memorial. It appears from the record that the founders of the Memorial were aware that the remaining family members had not conveyed their interests to the Memorial. Therefore, we cannot conclude that the trial court was in error in holding that the defendants do not come within this rule. Thus the trial court was not in error in holding that the plaintiff was entitled to share in those proceeds which would have been allocable to the value of the building as well as those proceeds allocable to the value of the land. The judgment of the trial court is affirmed.
ORIGINAL OPINION WITHDRAWN; AFFIRMED.
MADDOX, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
FAULKNER and EMBRY, JJ., dissent.