463 So.2d 150 (1985)
Helen Lugania Knopf JOLLY
v.
Carl KNOPF, et al.
83-232.
Supreme Court of Alabama.
January 11, 1985.
*151 Fred Blanton, Fultondale, for appellant.
Andrew M. Smith, Birmingham, for appellees.

On Rehearing Ex Mero Motu
SHORES, Justice.
The original opinion is withdrawn, and the following is substituted therefor.
Helen Jolly filed a complaint seeking a sale for division of four parcels of land owned by her and the six defendants as tenants in common. Mrs. Jolly alleged in the complaint that the real property could not be equitably divided or partitioned "and it would be to the interest of all of the said parties to sell said property for the purpose of division and distribution." The parties obtained their joint title under the will of their mother. Each received an undivided one-seventh interest in the parcels. The defendants moved to dismiss the action or, in the alternative, for summary judgment, on the grounds that the relief sought would defeat their mother's will, which expressly gave Carl Knopf, the executor and one of the defendants, "full power in his discretion... to sell ... without any order of court therefor any real or personal property belonging to [the] estate." This motion was denied.
The defendants answered and denied that the property could not be divided in kind. Their answer was followed by a notice to purchase Mrs. Jolly's interest in the property. The notice was in accordance with § 35-6-100, Ala. Code 1975 (1984 Supp.). This was followed by a "motion for Court to Provide for Purchase of Filing Joint Owner's Interest," which essentially repeated the earlier notice and, in addition, alleged that the defendants were ready, willing, and able to make the purchase. On the date of the hearing on the defendants' motion to purchase, Mrs. Jolly filed in open court a motion to strike the defendants' motion to purchase, contending that § 35-6-100 is unconstitutional. In her motion, Mrs. Jolly also gave notice that she desired to purchase the defendants' interest in the same property. The trial court granted the defendants' motion to purchase Mrs. Jolly's interest and denied Mrs. Jolly's motion to strike. It thereafter appointed three commissioners, who were ordered to determine the value of the four parcels. § 35-6-101, Ala. Code 1975 (1984 Supp.). This they did. The commissioner's report was filed with the trial court on August 12, 1983, and was set for hearing on September 30, 1983. Pursuant to § 35-6-102, Ala. Code 1975 (1984 Supp.), the defendants timely paid into the court the amount of the purchase price for Mrs. Jolly's interest. Plaintiff Jolly, having previously filed a motion to strike the defendants' motion to purchase, thereupon filed a certificate stating that she was ready, willing, and able to purchase the interests of the defendants in the property and filed a commitment by her bank in the amount of $30,000.
Thereafter, the trial court entered final judgment, transferring title to the defendants and divesting Mrs. Jolly of title to the parcels. Mrs. Jolly appeals.
Section 35-6-100 states:
"Upon the filing of any petition for a sale for division of any property, real or personal, held by joint owners or tenants in common, the court shall provide for the purchase of the interests of the joint owners or tenants in common filing for the petition or any others named therein who agree to the sale by the other joint owners or tenants in common or any one of them. Provided that the joint owners or tenants in common interested in purchasing such interests shall notify the court of same not later than 10 days prior to the date set for trial of the case and shall be allowed to purchase whether *152 default has been entered against them or not. (Acts 1979, No. 79-334, p. 532, § 1)."
Mrs. Jolly first contends that this section is unconstitutional because it denies her equal protection of the law by giving only the defendants the alternative relief of purchasing the interest of the other cotenants.
We note that direct constitutional challenges to this statute have been made before in Madison v. Lambert, 399 So.2d 840 (Ala.1981), on second appeal, 428 So.2d 25 (Ala.1983), and Gibbons v. Allen, 402 So.2d 914 (Ala.1981). However, the challenges made in those two cases are distinguishable on the facts from the one made in the case before us.
In Madison, Lambert, a co-owner of jointly owned property, commenced an action for sale for division, and certain of the defendants, including Madison, filed a timely offer to purchase Lambert's interest in the property as well as the interests of all others seeking to sell, pursuant to § 35-6-100, supra. Lambert subsequently filed a motion to strike appellant's offer to purchase, alleging that § 35-6-100 violated the due process and equal protection clauses of the Fifth and Fourteenth Amendments to the United States Constitution. In granting Lambert's motion to strike, the trial court held the section "patently unconstitutional" and issued a decree ordering a public auction for the sale of the property.
Lambert's argument that the statute deprived him of equal protection of the law by creating an arbitrary and capricious classification, in that defendants were preferred over plaintiffs, was rejected, and, in reversing the judgment of the trial court, this Court stated:
"The test by which a state statute establishing non-suspect or non-fundamental classifications is deemed to come within the purview of `equal protection' is whether the state action is rationally related to any legitimate state interest....
"... Section 35-6-100 et seq., obviously seeks to avoid that situation whereby joint owners of property are divested of ownership through a forced public sale brought about as a result of a plaintiff's petition for a sale for division.... The requisite rational basis for the statute's classification perforce finds itself in the protection afforded co-owner defendants against co-owner plaintiffs seeking involuntary severence of the co-ownership for pro-rata distribution of the proceeds of sale.... Suffice it to say, therefore, in our view there exists a `rational basis' for the statutory scheme founded on a `plaintiff-defendant' distinction."
A careful reading of Madison indicates that the appellee, Lambert, was seeking to have the subject property sold for division at a public sale. There is no indication that Lambert desired to purchase any of the other co-owners' interests himself. Thus, the constitutional issues raised with regard to the statute and the corresponding rationale utilized by this Court in resolving those issues, were made solely within the context of plaintiff Lambert's wanting to have the property sold publicly. Therefore, the equal protection issue addressed in Madison could be stated thusly: Whether § 35-6-100 was an unconstitutional restriction on a plaintiff's statutory right to have a public sale for division of unpartible lands by preferring a co-owner defendant's right to purchase the plaintiff's interest over the plaintiff's right to insist on a public sale.
In Gibbons, the Court addressed the same issue. In that case, the trial court granted the plaintiff's and cross-plaintiff's motion to strike Gibbons's request to purchase. The plaintiffs alleged that § 35-6-100 was unconstitutional on the grounds of equal protection. The cross-plaintiffs alleged similar grounds, but also charged that the statute destroyed the rights of tenants in common, at their election, to a sale at public outcry to the highest and best bidder, or to a private sale in a free market. The trial court reasoned that there was an equal protection violation in that both the plaintiffs and defendants belonged to the same class, but were treated unequally in that the statute allowed only the defendants to purchase the property.
*153 In reversing the trial court's judgment in Gibbons, we spoke of the equal protection issue as follows:
"This case is analogous to ... Madison v. Lambert.... The exhaustive analysis in [that case] explain[s] away any denial of either due process or equal protection to those who are parties to the proceeding."
It is important to note that in Gibbons, as in Madison, there was no indication that any co-owner other than the defendant sought to purchase the interests of any of the other co-owners. The holding in Gibbons is in harmony with the one in Madison, and we reaffirm the holdings in those cases.
In the present case, however, a different challenge to § 35-6-100 is asserted. In this case, Mrs. Jolly contends that the application of this section deprives her of equal protection of the law because it denies her the right to purchase the interests of the other co-tenants merely because she is the plaintiff in this action. We agree.
The legislative purpose of Act No. 79-334, Acts 1979, which includes § 35-6-100, is to afford protection to co-owners against other co-owners seeking an involuntary sale of the co-owned land for pro-rata distribution of the proceeds of sale. Madison v. Lambert, supra, at 843. The prior statutory provisions, § 35-6-20, Ala. Code 1975, prevented the efforts of non-consenting interest holders in partition proceedings to preserve estates. The new amendments to the partition statute, §§ 35-6-100 to-104, provide an option whereby non-consenting interest holders, upon compliance with a notice requirement, may purchase the interests of those seeking a sale for division, without offering the property to public bid. Ragland v. Walker, 387 So.2d 184 (Ala. 1980). Section 35-6-100 and the other provisions of the act provide a procedural framework wherein the co-owners of a parcel of property, upon invoking § 35-6-100, may negotiate among themselves for the sale or purchase of each of their respective interests. Provision is also made for independent valuation and judicial supervision of the purchase and sale of these interests if the co-owners cannot agree on a price. § 35-6-100 to -104, Ala. Code 1975 (1984 Supp.)
The legislature may not prejudice or discriminate against a co-tenant of an unpartible parcel of land by denying him or her the opportunity to purchase the interests of the other co-tenants merely because he or she has initiated the proceeding by the filing of a complaint.
We hold that by not allowing one co-owner to be as much entitled to purchase as any of the other co-owners, regardless of their alignment as plaintiffs or defendants in an action for sale for division, the statute violates the equal protection provisions of the Constitution of this state, §§ 1, 6, and 22, Ala. Const. 1901, as well as the Constitution of the United States, Amendment 14.
We, therefore, find merit in Mrs. Jolly's argument that the statute treats equal members of a class of co-owners in an unequal manner, thus violating the equal protection provisions of the Constitutions of the United States and Alabama.
In this case, the defendant co-tenants properly filed a statutory notice of their desire to purchase the plaintiff co-tenant's interest in the property. The plaintiff co-tenant thereupon gave notice of her desire to purchase the interest of the defendant co-tenants. The trial court transferred to the defendants the plaintiff's interest when the defendants paid into court an amount equal to one-seventh of the total in payment of her share. Plaintiff Jolly responded by offering to purchase the six-sevenths interest of the six defendants at the appraised price. Under these circumstances, we must reverse the trial court's judgment and remand the cause for further proceedings consistent with this opinion. As we have consistently held, § 35-6-100 is designed to prevent co-tenants from being divested of their ownership rights in real property by a sale for division. The co-tenant defendants here followed the statutory procedure designed for that purpose. The *154 plaintiff co-tenant cannot be denied equal participation in the statutory scheme. She has a right to participate in the statutory "private sale."
The cause is remanded, and the trial court is directed to allow each of the seven co-owners of the land a right to purchase the interests of the others at such price as the others are willing to sell and the buyer is willing to pay.
REVERSED AND REMANDED.
All the Justices concur, except TORBERT, C.J., who concurs specially.
TORBERT, Chief Justice (concurring specially).
I concur; however, I write to make two observations. First, the Court must engraft a bidding procedure into the statute in order to make the application of Code 1975, § 35-6-100 (1984 Supp.), constitutional.
Section 35-6-100 was intended to preserve family estates by preventing title from passing to a stranger, Ragland v. Walker, 387 So.2d 184 (Ala.1980); however, the statute's applicability cannot be limited solely to family situations because the statute applies to any property held by "joint owners or tenants in common." Scott Paper Co. v. Griffin, 409 So.2d 1375, 1381 (Ala.1982).
This new bidding procedure will increase the likelihood that a stranger will acquire family property. Prior to this opinion, a stranger could purchase undivided interests in family property and then file a petition for sale for division; however, he could not buy out the family owners if they were willing to pay the appraised value of the stranger's share. In other words, a stranger could not force family members out of the estate merely by competitive bidding. Now, a stranger can buy shares of an estate, file a petition for sale for division, and buy the remainder of the estate by being the highest bidder as against family owners.
However, family estates are still somewhat protected from strangers by this holding, when the provisions of § 35-6-100 are utilized, in that the bidding among co-tenants will be private rather than public.