Petitioner (defendant) seeks a writ of mandamus to the trial court directing it to allow an evidentiary hearing in order to permit defendant to present evidence and cross-examine appraisers appointed by the court pursuant to Code of 1975, §35-6-101, in an action for a sale of property for division. The writ is denied.
The relevant facts are as follows:
Pursuant to Code of 1975, § 35-6-100, respondent (plaintiff) filed a petition for a sale for division as to property jointly held with the defendant. Section 35-6-100 provides as follows:
 "Upon the filing of any petition for a sale for division of any property, real or personal, held by joint owners of tenants in common, the court shall provide for the purchase of the interests of the joint owners or tenants in common filing for the petition or any others named therein who agree to the sale by the other joint owners or tenants in common or any one of them. Provided that the joint owners or tenants in common interested in purchasing such interests shall notify the court of same not later than 10 days prior to the date set for trial of the case and shall be allowed to purchase whether default has been entered against them or not."
In accordance with the last sentence of the statute, the defendant filed a timely notice of his desire to purchase plaintiff's interest in the jointly held property and further requested the court to appoint an appraiser pursuant to §35-6-101 to determine the value of the property. Section35-6-101 provides:
 "In such circumstances as described in section 35-6-100, and in the event the parties cannot reach agreement as to the price, the value of the interest or interests to be sold shall be determined by one or more competent real estate appraisers or commissioners, as the court shall approve, appointed for such purpose *Page 1093 
by the court. The appraisers or commissioners appointed under this section shall make their report in writing to the court within 30 days after their appointment."
Accordingly, the court appointed Charles Pritchett, a Member Appraisal Institute (MAI) appraiser, who submitted a written appraisal report valuing the property at $26,000. The defendant filed written objections to Pritchett's appraisal report, which were overruled by the trial court. In its order, however, the trial court provided that the "Defendant may, within the 30 day period, file additional objections or a motion to reconsider this Order, but such objections or motion shall be supported by an appraisal from a duly qualified MAI appraiser." The defendant did this: Along with his motion to alter, amend, or vacate the prior order and an amendment to his written objections, the defendant filed the written appraisal report of Mr. T.E. Young, an MAI appraiser who valued the subject property at $13,000.
Thereafter, the trial court issued an order granting defendant's motion to vacate its prior order and appointing a third appraiser, Mr. L.T. Reeves, Jr., an MAI appraiser, to appraise the subject property. Reeves submitted an appraisal valuing the property at $27,100. In due course, the trial court entered an order, which stated in part:
 "After discussion with counsel and review of the three appraisals which have been obtained in this matter, it is the opinion of the Court that since the top two appraisals are less than 5% apart, the value of the property should be fixed at the average of the top two appraisals. The value of the property is hereby fixed at TWENTY SIX THOUSAND FIVE HUNDRED FIFTY AND NO/100 DOLLARS ($26,550.00)."
Following this order, the defendant filed a motion for an evidentiary hearing, the denial of which is the basis of this petition for writ of mandamus.
The defendant contends that the opportunity to submit written objections to the appraisal reports is not sufficient to allow him to exercise his due process rights to contradict the evidence presented in writing, and that he should be allowed an evidentiary hearing for that purpose. The defendant further contends that, even though the statutory scheme allows for this procedure, the trial court's determinations are invalid because they are based solely on the written reports of the appraisers, which are hearsay.
The constitutionality of these statutory provisions has been addressed previously by this Court. In Madison v. Lambert,[1]399 So.2d 840, 843 (Ala. 1981), we stated the due process issues as presented in that case as follows:
 "Lastly, Appellee submits that pursuant to Code 1975, § 35-6-101, one seeking a sale for division is deprived of his right to a `hearing' on the determination of the property's fair market value. Additionally, Appellee asserts that this infraction, along with the statute's failure to provide a plaintiff with the right to cross-examine court appointed appraisers, violates his rights to due process. We are unable to adopt such contention. . . ."
This Court went on to hold:
 "Nothing in the subject statute prevents any challenge of the appraiser's report to the court. Nowhere is the court mandated to accept such appraisals. Nothing prevents an objection by any party to the selection of particular appraisers. The court, in the exercise of its equitable power, is free to accept or reject any appraisal, and to order a new appraisal where the ends of justice demand. *Page 1094 
 "Clearly, such safeguards cannot be equated with a violation of due process. . . ." (Emphasis added.)
Similarly, in Gibbons v. Allen, 402 So.2d 914, 916 (Ala. 1981), this Court reiterated:
 "With regard to the objection that the values of the interests fixed by appraisers cannot thereafter be questioned, we take note that, under § 35-6-101 the Court is required to appoint competent appraisers. And under § 35-6-101, payment is to be approved by the Court. Nothing contained in those statutes prevents objection to the competence of the appraiser or to the amount set by them as the values of the interests to be purchased, as explained in Madison, supra. Should any such issues arise, the Court is not without authority to resolve them according to its traditional practice." (Emphasis added.)
In the present case, when the defendant objected to the report of the first court-appointed appraiser, the trial court overruled those objections but permitted the defendant to "file additional objections or a motion to reconsider" if "supported by an appraisal by a duly qualified MAI appraiser." When the report of the defendant's appraiser conflicted greatly with that submitted by the first appraiser, the court granted defendant's motion and appointed a third appraiser. Only after the court had confirmed that the two court ordered appraisals were substantially the same did it fix the value of the property. It appears to this Court that, in taking these steps, the trial court not only properly exercised its discretion, but it also fulfilled the demands of "the ends of justice."Madison, supra.
It is axiomatic that mandamus is an extraordinary remedy which should be granted only when there is a clear showing that the court below abused its descretion and exercised it in an arbitrary or capricious manner. Ex parte Baker, 459 So.2d 873,876 (Ala. 1984); Ross v. Luton, 456 So.2d 249, 254 (Ala. 1984);Ex parte Hartford Ins. Co., 394 So.2d 933 (Ala. 1981). Furthermore, the petitioner must show that he has a clear right to the remedy sought. Tuscaloosa City Board of Education v.Roberts, 440 So.2d 1058 (Ala. 1983). Petitioner has failed to show that the trial court abused its discretion or that he has a clear right to the relief sought.
We further find no merit in the defendant's claim that the trial court's order is invalid because it is based on hearsay. First, the reports to which defendant objects are mandated under § 35-6-101, which provides that "[t]he appraisers or commissioners appointed under this section shall make theirreport in writing to the court within 30 days after their appointment." See also, Jolly v. Knopf, 463 So.2d 150 (Ala. 1985), where this Court reaffirmed the holdings in Madison andGibbons, supra. Second, this objection is not properly reviewable by way of mandamus because a review by appeal would provide an adequate remedy. See Echols v. Housing Authority ofAuburn, 377 So.2d 952 (Ala. 1979), and Guaranty Funding Corp.v. Bolling, 288 Ala. 319, 260 So.2d 589 (1972).
For the above stated reasons, the writ is denied.
WRIT DENIED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.
[1] In his reply, the defendant makes a futile attempt to distinguish the present case from Madison on the ground that he is not seeking the sale for division, whereas the appellant inMadison was. We think the quoted language of Madison (Viz., "[n]othing prevents any objection by any party") to be sufficient to cover the objections made here.