This case arises out of a suit for sale of property for division of the proceeds brought by the appellees, Hamilton Lynum and others. The appellants, Benjamin Lynum and Marie Miller, were named as defendants and, on December 27, 1984, they filed answers stating that the land in question, situated in Clarke County, Alabama, could be equitably divided without a sale. Thereafter, on February 27, 1985, appellants jointly filed an amended answer alleging "that the best interest of all the parties would be served if the defendants, Marie Miller and Benjamin T. Lynum, purchased ALL of the Plaintiffs' interest[s] in the subject property at the fair market value or appraised value." Appellants further alleged that they were, and had at all times been, ready, willing, and able to purchase all interests in the subject property. On the same date, appellants filed notice of their intent to purchase the interests of all plaintiffs in the subject property pursuant to Code of 1975, § 35-6-100, which provides:
 "Upon filing of any petition for a sale for division of any property, real or personal, held by joint owners or tenants in common, the court shall provide for the purchase of the interests of the joint owners or tenants in common filing for the petition or any others named therein who agree to the sale by the other joint owners or tenants in common or any one of them. Provided that the joint owners or tenants in common interested in purchasing such interests shall notify the court of same not later than 10 days prior to the date set for trial of the case and shall be allowed to purchase whether default has been entered against them or not." (Emphasis added.)
Also on the same date, appellants filed a motion to appoint appraisers, pursuant to Code of 1975, § 35-6-101, which provides as follows:
 "In such circumstances as described in section 35-6-100, and in the event the parties cannot reach agreement as to the price, the value of the interest or interests to be sold shall be determined by one or more competent real estate appraisers or commissioners, as the court shall approve, appointed for such purpose *Page 7 
by the court. The appraisers or commissioners appointed under this section shall make their report in writing to the court within 30 days after their appointment."
By an order dated March 7, 1985, the trial court appointed Earl Flowers to make an appraisal of the property and to file his report with the court within 30 days. The appraisal report was filed on April 12, 1985.
However, contrary to the specific mandate of Code of 1975, § 35-6-102, set out below, appellants failed to pay into court within 30 days that amount set as the value of the interests sought to be purchased:
 "After the report of the appraisers or commissioners, the tenants in common or joint owners seeking to purchase the interests of those filing the petition shall have 30 days to pay into the court the price set as the value of those interests to be purchased. Upon such payment and approval of same by the court, the clerk shall execute and deliver or cause to be executed and delivered the proper instruments transferring title to the purchasers." (Emphasis added.)
Thereafter, on October 9, 1985, appellants filed a motion to set the case for hearing. Then, on October 17, 1985, Martin Searcy filed a motion to intervene in the suit, claiming that he had acquired the interest of certain of the plaintiffs in the subject land. The case was set for a hearing to be held December 9, 1985. Three days prior to the hearing date, appellants filed a motion in opposition to Searcy's motion to intervene. The parties were given a briefing schedule at the hearing on December 9. Some seven months later, on July 11, 1986, the trial court entered an order (1) granting Searcy's motion to intervene and (2) ruling that, due to appellants' failure to comply with § 35-6-102, supra, "the court shall
proceed according to its traditional practices in such cases" pursuant to § 35-6-103, set out below:
 "Should the joint owners or tenants in common fail to pay the purchase price as provided in section 35-6-102, the court shall proceed according to its traditional practices in such cases. . . ." (Emphasis added.)
Pursuant to the trial court's order, the property was sold at auction on November 25, 1986. Those bidding on the property were appellant Benjamin Lynum, Martin and Luldean Searcy, and Willie Elisha Sheffield. The Searcys were the highest bidders, and they purchased the property for $71,000. However, approval of the sale was stayed pending this appeal.
Relying on this Court's opinion in Jolly v. Knopf,463 So.2d 150 (Ala. 1985), appellants contend that they should not lose their "right" to purchase the property under § 35-6-102 by failing to pay the appraised purchase price into court within 30 days after the appraisal report was filed as provided by §35-6-102. Appellants further contend, again relying on Jolly,supra, that the trial court erred in permitting Martin Searcy to intervene because he had not purchased any of the plaintiffs' interests prior to the filing of the complaint seeking a sale for division. We respectfully observe that this Court's decision in Jolly, supra, has no bearing on these issues.
The record in this case does not establish that any of theplaintiffs/appellees gave the court notice of their interest in purchasing the interests of the other joint owners or tenants in common, as required by § 35-6-100, supra, as was the case inJolly, supra. The appellants, however, did give such notice, thereby invoking the provisions of §§ 35-6-100 through -104. Appellants, nevertheless, failed to comply with the 30-day requirement of § 35-6-102, and, therefore, under the express provision of § 35-6-103, the trial court properly proceeded according to its traditional practices and decreed that a public sale take place due to the fact that the property could not be partitioned in kind. The statutes in question are clear, and, by failing to comply with their express provisions, appellants have waived their rights thereunder.
Furthermore, under the provisions of Rule 24, A.R.Civ.P., Martin Searcy was clearly entitled to intervene, since he had *Page 8 
purchased some of the plaintiffs' interests in the subject property. We cannot agree with the appellants that the sale by certain plaintiffs of their interests to Searcy, and his subsequent intervention in this suit, contravene the express intent of § 35-6-100. His purchase and subsequent intervention did not prevent any of the joint owners from giving notice of their interest in purchasing the interests of the other joint owners, including that of Searcy, so as to invoke the protective provisions of §§ 35-6-100, et seq. See Jolly v.Knopf, supra. Nor did Searcy's intervention contribute to the defeat of appellants' rights to purchase all the plaintiffs' interests at the appraised value. The statutory 30-day period for paying that sum into court had run prior to the filing of Searcy's motion to intervene. Thus, the trial court did not abuse its discretion in granting Martin Searcy's motion to intervene. Crossfield v. Allen, 494 So.2d 21 (Ala. 1986).
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.