C.W. Guilford filed a complaint, seeking a sale for division of jointly-owned real property. *Page 1365 
The joint owners of the subject real estate filed an answer and an election to purchase Guilford's interest, pursuant to Ala. Code 1975, § 35-6-100.
The court appointed an appraiser to assess the value of the subject real property. The appraiser's report, which was filed with the court on January 15, 1993, set out the total value of the subject real property.
On March 16, 1993, Guilford filed a motion to set the case for a hearing. In this motion Guilford alleged that because the joint owners failed to pay the appraised purchase price into the court within 30 days after the appraisal was filed, as required by Ala. Code 1975, § 35-6-102, they lost their right to purchase the subject real property pursuant to Ala. Code 1975, §§ 35-6-100 through -104. See Lynum v. Lynum, 521 So.2d 6 (Ala. 1987).
The joint owners filed an answer to Guilford's motion to set the case for a hearing, alleging that there had been no price set as to the value of the interest to be purchased and that they did not know what amount to tender to the court.
Guilford filed a motion to strike the answer to the motion to set the case for a hearing. In his motion to strike, Guilford asserts that paragraph four of his complaint clearly states that he owns an undivided 1/192nd interest in the subject real property. Further, Guilford points out in his motion to strike that in Kittrell v. Benjamin, 396 So.2d 93, 97 (Ala. 1981), our supreme court decided that the phrase "the value of the interest or interests to be sold" as contained in Ala. Code 1975, § 35-6-101, would be determined in the following manner: "The appraisal would be of the entire tract, and the value of the interest to be sold would be determined proportionately, based upon the fractional ratio the interest to be sold bears to the property as a whole."
It is Guilford's position in his motion to strike that the joint owners could have determined the "value of the interest or interests to be sold" pursuant to Kittrell, 396 So.2d 93. Guilford further contends that if the joint owners were unable to determine the "value of the interest . . . to be sold," then they should have asked the court for clarification within 30 days of the filing of the appraisal.
The court held a hearing on April 23, 1993, and determined that the joint owners had complied with the provisions of §§35-6-100 through -104. We also note that the court stated in its order that "the identities of the interested parties and their degree of ownership interest in the property [which is] the subject of this suit [are] as set out in [Guilford's] complaint" because no one had filed objections thereto within 10 days of the April 23, 1993, hearing.
Guilford objected to the court's determination and requested that the court enter a final order from which an appeal could be taken. The court granted Guilford's request and this appeal followed. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
On appeal, Guilford contends that the trial court erred when it declined to grant his motion to set the cause for hearing and determined that the joint owners had complied with the provisions of §§ 35-6-100 through -104.
In Lynum, 521 So.2d 6, 7, our supreme court made the following statements:
 "The appellants, however, did give such notice [of their interest in purchasing the interests of the other joint owners], thereby invoking the provisions of §§ 35-6-100 through -104. Appellants, nevertheless, failed to comply with the 30-day requirement of § 35-6-102, and therefore, under the express provision of § 35-6-103, the trial court properly proceeded according to its traditional practices and decreed that a public sale take place due to the fact that the property could not be partitioned in kind. The statutes in question are clear, and, by failing to comply with their express provisions, appellants have waived their rights thereunder."
(Emphasis added.)
On appeal, the joint owners contend that because their answer to the complaint neither admitted nor denied the percentages set out in paragraph four of the complaint, there was no agreement as to the fractional *Page 1366 
interest held by Guilford and that his reliance onKittrell, 396 So.2d 93, is misplaced.
However, Rule 8(d), A.R.Civ.P., provides, in pertinent part:
 "Effect of failure to deny. Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."
(Emphasis added.)
Additionally, we find the following statement in Champ Lyons, Jr., Alabama Practice: Rules of Civil Procedure Annotated 112 (1st ed. 1973):
 "An answer . . . stating that [the averments] were 'neither admitted nor denied, but proof thereof is demanded if material' was an insufficient denial to raise an issue and put the plaintiff to proof."
(Citations omitted.)
In the instant case, the joint owners filed an election to purchase Guilford's interest in the subject real property, pursuant to § 35-6-100. The appraiser's report was filed with the court on January 15, 1993. As previously noted, the complaint set out the fractional interest held by Guilford, and the answer filed by the joint owners admitted this averment because the answer did not deny it. The joint owners were aware of the appraised value of the property and the fractional interest held by Guilford. Consequently, "the value of the interest . . . to be sold" as contained in § 35-6-101 would be determined as set out in Kittrell, 396 So.2d 93.
The joint owners failed to comply with the provisions of § 35-6-102, which provides, in pertinent part, that the joint owners "shall have 30 days to pay into the court the price set as the value of those interests to be purchased." Consequently, the joint owners waived their rights under §§ 35-6-100 through -104. Lynum, 521 So.2d 6.
While the above is dispositive of this case, the joint owners also contend that because neither party objected when the appraisal was not completed within 30 days of the appointment of the appraiser, as required in § 35-6-101, strict compliance with the pertinent code sections had been waived.
However, the record contains no reference to this argument now advanced by the joint owners. It is well settled that an appellate court will not consider a theory or issue which was not raised in the court below. Smiths Water Authority v. Cityof Phenix City, 436 So.2d 827 (Ala. 1983). Additionally, this court is precluded from considering this issue because the joint owners cite no authority in support of this appellate argument. Simmons v. Simmons, 600 So.2d 305 (Ala.Civ.App. 1992).
In light of the above, the trial court erred when it declined to grant Guilford's motion to proceed according to its traditional practices and to set the cause for hearing pursuant to § 35-6-103.
The judgment is due to be reversed and the cause remanded for proceedings not inconsistent with the above opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.