RICHARD L. HOLMES, Retired Appellate Judge.
In November 1992 Thomas Jesse Few, Mary Doris Few, Edward Allen Few, Jr., and James David Few (collectively referred to as petitioners) filed a petition for a sale for division of certain real property. The petition alleged that the petitioners and certain other individuals (Jerry Donald Few, Flora Mae Reynolds, Emmett G. Sherrill, Sr., and Madie Sherrill) jointly owned two parcels of land, consisting of approximately five acres each.
Paragraph five of the petition alleged, in pertinent part, that “said lands cannot be fairly and equitably partitioned in kind among the joint owners thereof.” Paragraph six provided:
“Now, therefore, [the petitioners] hereby make known to the court that they, jointly, are ready, willing, and able, and desire to purchase the interest of the Defendants in and to said lands and for the purpose, hereby invoke the provisions of Sections 35-6-100 through 35-6-104 of the Code of Alabama 1975, as amended.”
The petition stated the fractional interest held by each joint owner and requested that the trial court appoint an appraiser to deter *143 mine the value of the interest of each joint owner in and to the subject real property.
Jerry Donald Few filed an answer and a notice of intent to purchase the interest of all other joint owners. Flora Mae Reynolds was deceased, and her heirs, George F. Reynolds, Sr., George F. Reynolds, Jr., Errol K. Reynolds, and Kenneth Reynolds (referred to collectively as Reynolds) filed an answer and a notice of intent to purchase the interest of all other joint owners. The petitioners were unable to locate Emmett G. Sherrill, Sr., and Madie Sherrill, and neither of the Sherrills nor any other joint owners responded to the service by publication.
The trial court appointed an appraiser to assess the value of the subject real property. The appraiser’s report, which was filed with the trial court on October 13, 1993, valued the subject real property at $6,000.
By order dated October 20, 1993, the trial court scheduled a hearing for February 28, 1994, to determine whether the subject real property could be equitably partitioned among the joint owners. The October 20, 1993, order also provided, in pertinent part:
“[I]n the event [that the] subject land cannot be equitably partitioned among the joint owners or tenants in common, and further, in the event the parties cannot reach agreement as to the price, a value of the interest or interests to be sold shall be determined by the appraisal filed by Ward T. Edge, or by private bidding among co-tenants who are in full compliance with § 35-6-100 et seq., CODE OF ALABAMA, 1975, as amended, at the conclusion of the trial in this case.”
(Emphasis added.)
On November 12,1993, Reynolds, who held an undivided l/15th interest in the subject real property, paid into court the sum of $5,600, which represented the value of the interests of the remaining joint owners. Neither the petitioners nor Few paid any money into court within 30 days after the appraisal was filed.
On February 28, 1994, the trial court issued an order, which provided, in pertinent part:
“WHEREAS, no party other than [Reynolds] paid into court the price set out as the value of the interests to be purchased within thirty (30) days of the filing of the appraiser’s report, therefore, [Reynolds is] the only part[y] or co-tenant in full compliance with the provisions of § 35-6-100, et.seq., CODE OF ALABAMA, 1975, as amended, so as to be allowed to purchase the interests of the other said co-tenants.”
On March 1, 1994, the petitioners deposited with the court the sum of $6,000 for the purchase of the subject real estate.
On March 14, 1994, the petitioners filed a post-judgment motion. The petitioners alleged that the trial court’s interpretation of Ala.Code 1975, § 35-6-102, was erroneous, and they requested that the trial court modify its February 28, 1994, order to allow the petitioners to compete with Reynolds in a bidding process for the subject real estate.
After a hearing the trial court issued an order dated December 28, 1994. In this order the trial court stated that the oral testimony presented at the February 28, 1994, hearing supported its finding that the subject real property could not be equitably divided or partitioned among the joint owners. The trial court denied the post-judgment motion and designated the February 28, 1994, order as a final order under Rule 54(b), Ala.R.Civ.P.
The petitioners filed a motion for a new trial, alleging that the trial court erroneously construed § 35-6-102. The motion was denied.
The petitioners appeal. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The dispositive issue is whether, in this instance, the petitioners have any affirmative duty under § 35-6-102, which provides the following:
“After the report of the appraisers or commissioners, the tenants in common or joint owners seeking to purchase the interests of those filing the petition shall have 30 days to pay into the court the price set as the value of those interests to be purchased. Upon such payment and approval of same by the court, the clerk shall exe *144 cute and deliver or cause to be executed and delivered the proper instruments transferring title to the purchasers.”
Our supreme court has previously determined in Lynum v. Lynum, 521 So.2d 6 (Ala.1987), that two defendants, who had given notice of intent to purchase, pursuant to Ala.Code 1975, § 35-6-100, but who had failed to comply with the 80-day requirement of § 35-6-102, had waived their rights to purchase the property from the remaining joint owners in a private sale.
The petitioners contend that the plain language of § 35-6-102 places the affirmative duty of paying the price into court within the required time limit only upon those joint owners “seeking to purchase the interests of those filing the petition” and does not place any such duty upon “those filing the petition.”
It has been previously determined that the purpose of § 35-6-100 is to give a joint owner the opportunity to purchase the interests of any of the remaining joint owners who desire to sell their interests and, thus, to permit a joint owner to keep the property intact. Williams v. McIntyre, 632 So.2d 446 (Ala.1993).
Further, it has been determined that a joint owner cannot be denied the opportunity to purchase the interests of the remaining joint owners simply because he or she was the one who filed the petition for a sale for division of the property. Our supreme court determined that to deny this opportunity to the petitioner, merely because he or she was the joint owner who initiated the process, would violate the equal protection provisions of the Constitutions of the United States and Alabama. Jolly v. Knopf, 463 So.2d 150 (Ala.1985).
If this court were to adopt the construction that the petitioners encourage us to adopt, it would treat equal members of a class of joint owners in an unequal manner, which would violate the equal protection provisions of the Constitutions of the United States and Alabama. If this court construed § 35-6-102 in the manner in which the petitioners advocate, it would allow a joint owner to file a petition for a sale for division of the property and a notice of intent to purchase the interests of the remaining joint owners, which was done in the instant case, without requiring the joint owner to pay into court the price of the interests to be purchased, merely because he or she happened to be the joint owner who filed the petition.
We would note that while there have been no Alabama cases which have dealt directly with the issue in the present case, there have been cases in which the facts of the case reveal that a petitioner has paid into court the price of the interests sought to be purchased.
In Williams, 632 So.2d 446, the petitioners and some of the defendants filed a notice of intent to purchase the interests of the remaining joint owners, as required by § 35-6-100. After trial, the trial court determined that the property was valued at $5,300,000, that it could not be equally partitioned, and that it was to be sold at a private sale, pursuant to § 35-6-100. Prior to the private sale, the trial court required that those parties who had complied with the notice provisions of § 35-6-100 pay into court the price of the interests to be purchased. The trial court also established a bidding process, under which one of the petitioners was the highest bidder.
In Jolly, 463 So.2d 150, both the petitioner and the defendants filed documents that indicated that each was ready, willing, and able to purchase the interests of the remaining joint owners. The defendants, in a timely manner, paid into court the price of the interests to be purchased. The petitioner filed with the court a commitment by her bank in the amount of $30,000. The trial court transferred title to the property to the defendants and divested the petitioner of her title to the property. Our supreme court stated the following:
“The co-tenant defendants here followed the statutory procedure designed [to prevent co-tenants from being divested of their ownership rights in real property by a sale for division]. The plaintiff co-tenant cannot be denied equal participation in *145 the statutory scheme. She has the right to participate in the statutory ‘private sale.’ ”
Jolly, 463 So.2d at 153-54 (emphasis added).
“[E]qual participation in the statutory scheme” would require that the petitioners, in a timely manner, pay into court the price of the interests that they seek to purchase.
In light of the above, we find that the trial court correctly interpreted the requirements of § 35-6-102. The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the Judges concur.