RICHARD L. HOLMES, Retired Appellate Judge.
C.W. Guilford filed a complaint, seeking a sale for division of jointly-owned real property. This case has previously been before this court. In the prior appeal we reversed the trial court’s judgment and remanded the case to the trial court for further proceedings. See Guilford, v. Bell, 637 So.2d 1364 (Ala.Civ.App.1994).
After remand, the trial court scheduled a hearing for June 10, 1994, on the issue of whether the subject real estate could be equitably divided. At this hearing Guilford testified, and the following documents were admitted into evidence: the original deed naming William Bell and James Bell as grantees of the subject real estate, a list outlining the names and respective interests of the heirs of William Bell and James Bell, and the appraiser’s report, which was prepared after the petition for sale for division was filed. There was no other evidence or testimony presented by either party.
Thereafter, Odessa Bell and the remaining joint owners (hereinafter referred to collectively as Bell) filed a written motion for directed verdict. The motion for directed verdict alleged that Guilford failed to meet his burden of establishing that the subject real estate could not be equitably divided. Guilford filed a response to the motion for directed verdict.
After a hearing on the motion for directed verdict, the trial court issued an order dated August 24, 1994, wherein it determined that the subject real estate could not be equitably divided among the joint owners, that the subject real estate should be sold, and that the proceeds from the sale should be divided among the joint owners, according to their respective interests.
Bell filed a post-judgment motion, which was denied.
Bell appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
Bell’s first issue on appeal centers around Guilford’s competence to testify at the hearing of June 10, 1994, and whether the trial court unfairly hindered Bell’s attorney in his attempt to establish Guilford’s incompetence.
Initially, we would note that a witness is presumed to be competent to testify and that the party who objects to the competency of a witness bears the burden of proving the incompetency. Smith v. State, 380 So.2d 345 (Ala.Crim.App.1980). In order to reverse a trial court’s determination that a witness is competent to testify, an appellate court must find that the trial court abused its discretion in making such a determination. Smith, 380 So.2d 345.
Our review of the record reveals the following: Although Bell’s attorney questioned whether Guilford was “of sound mind” in the answer to the petition and at the beginning of the June 10, 1994, hearing, there was no objection to Guilford’s competency to testify after he was called as a witness and administered the oath.
On cross-examination, Bell’s attorney questioned Guilford, who was 71 years of age at the time of the hearing, at length regarding the names and respective interests of the heirs of William Bell and James Bell. When Guilford’s attorney objected to the line of questioning, the attorney for Bell indicated that he was exploring that line of questioning to test Guilford’s competency to testify.
The trial court had the opportunity to observe the witness and indicated that just because Guilford could not answer every question about all the different heirs, that did not mean that he was not competent to testify.
In light of the above, we find no abuse of discretion on the part of the trial court.
In the second issue, Bell contends that the trial court’s finding that the subject real es *147 tate could not be equitably divided was against the great weight of the evidence.
The law is clear that when a trial court, sitting without a jury, enters a judgment after hearing the testimony and reviewing the evidence, such judgment will be affirmed on appeal if there is credible evidence to support the judgment and if the judgment is not palpably wrong or manifestly unjust. City of Bridgeport v. Citizens Action Committee, 571 So.2d 1089 (Ala.1990).
We have reviewed the record on appeal and cannot agree with Bell’s contention that the trial court’s determination was against the great weight of the evidence. Our review of the record reveals that there was credible evidence to support the trial court’s judgment and that the judgment was not palpably wrong or manifestly unjust.
In light of the above, the judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this-court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.