As the main opinion correctly notes, although courts in other states have construed uninsured-motorist ("UM") statutes so as to permit any
named insured to reject such coverage on behalf of all insureds, the Alabama Supreme Court, in State Farm Mutual Automobile Insurance Co. v.Martin, 292 Ala. 103, 289 So.2d 606 (1974), effectively construed that portion of § 32-7-23(a), Ala. Code 1975, that provides for rejection of UM coverage by "the named insured" (emphasis added), as actually mandating rejection of such coverage by all persons listed as "named insureds" in the policy in order for that rejection to be deemed effective as to all named insureds. As I read Martin, because Lynette Nicholas, an additional "named insured" under the Nationwide policy, was not offered an opportunity to reject UM coverage, she is deemed "insured" under the UM statute as to claims she might assert on her own behalf
based upon the loss of Kurk Nicholas, Jr.
That said, however, I cannot agree that Martin supports the award of $40,000 to Lynette Nicholas. At the time of the automobile collision that killed Kurk Nicholas, Jr., the Nationwide policy afforded no UM coverage because Nationwide, at the written direction of Kurk Nicholas, Sr., in October 1999, had removed that coverage. Even when the policy provided for UM coverage, that coverage was limited to the statutory minimums of $20,000 per person and $40,000 per accident. See § 32-7-6, Ala. Code 1975. Thus, the trial court's award to Lynette Nicholas can only be justified in this case if she can properly recover from Nationwide the statutory *Page 465 
"per accident" limit of coverage in both her individual capacity and as a successor to any rights of recovery available to Kurk Nicholas, Jr.
Although minimum coverage for "bodily injur[ies]" caused by an uninsured motorist is legally imputed under § 32-7-23 when the named insured has not rejected such coverage, Lynette Nicholas, in her individual capacity, has suffered no bodily injuries; at most, she has suffered only a loss of her son's services, which falls outside the scope of § 32-7-23. See Weekley v. State Farm Mut. Auto. Ins. Co., 537 So.2d 477,480 (Ala. 1989) (noting that "[a] consortium claim does not constitute a claim for bodily injury"); Livingston v. Omaha Prop. Cas. Ins. Co.,927 S.W.2d 444, 445 (Mo.Ct.App. 1996) (holding that an insured mother was not entitled under a similarly worded UM statute to recover UM benefits for the death of her daughter in an automobile collision, even though the mother was "legally entitled" to bring a wrongful-death claim). Moreover, because § 32-7-23(a) provides that UM coverage may be rejected by "the named insured," I would hold that Kurk Nicholas, Jr., had he survived the automobile collision that claimed his life, would have been bound, as an additional insured, by the rejection of UM coverage executed by his father, a named insured, and, therefore, would not have been entitled to recover from Nationwide. "Requiring offers of [UM] coverage to be made to all insureds under automobile policies would be contrary to reasonable business practices from which both insurers and consumers benefit." Messerly v. State Farm Mut. Auto. Ins. Co.,277 Ill. App.3d 1065, 1070, 662 N.E.2d 148, 151, 214 Ill. Dec. 794, 797 (1996). In short, Lynette Nicholas is not entitled under either capacity in which she has sued Nationwide to recover damages based upon the loss of Kurk Nicholas, Jr.
Because I conclude that Lynette Nicholas is entitled to recover nothing from Nationwide under the facts of this case, which is precisely what Nationwide contends on appeal, I respectfully dissent.