MADDOX, Justice.
On March 24, 1988, Terry Perkins, as guardian for Millie Gray Turner and Gra-cile Lake, filed a complaint requesting that a 101-acre tract of land be sold for division of the proceeds; Turner and Lake owned the land as tenants in common with John M. Davis, Jr. Davis answered the complaint with a request that the land be partitioned rather than sold. After a hearing, the trial court found for the plaintiffs and ordered the land sold. Davis appealed.
It is an established rule that when a trial judge hears ore tenus evidence, as is the case here, his decision is presumed to be correct and will not be disturbed on appeal unless it is palpably wrong or manifestly unjust. Cotton v. McMurtry, 440 So.2d 1039, 1040 (Ala.1983). In this case, there was testimony that the land included a mixture of pasture, woods, and bottom land, that some of the land had road frontage, and that there was a house on the property. Evidence that the land was of varied use and quality can support a finding that the land can not be equitably partitioned. See Cotton, 440 So.2d at 1041. Davis contends that the land could have been equitably partitioned, but he presented no evidence of the value per acre of the various types of land on the tract. At the hearing, Davis’s theory for equitably partitioning the tract would be to
“allow one acre, two acres, three acres to go with the house, sell the house as a separate unit and then the' other two *115 parcels would pay an equitable amount for the land that goes with the house so that parcel number one, whoever takes parcel number 3 would not lose anything in the transaction.”
After a review of the entire record, we cannot say that the trial court’s decision was palpably wrong or manifestly unjust.
Davis makes a further contention that the trial court erred when it cut off his presentation of evidence. The following occurred at the end of the hearing:
“THE COURT: May I interrupt? What ... was your name?
“THE WITNESS: John M. Davis.
“THE COURT: Mr. Davis, do you have any knowledge as to the per acre value of this property?
“THE WITNESS: No, sir.
“THE COURT: Do you have anyone to offer any additional evidence or any evidence to give to this Court as to the value of this property?
“MR. BENTLEY [Davis’s attorney]: No, sir, I don’t have an appraisal.
“THE COURT: All right.
“THE WITNESS: I would say that this property would probably be in line with the other 180 acres you have already dispersed [sic].
“THE COURT: All right. I’m going to find the issues in favor of the petitioner, that the property cannot be equitably divided.
(< * * * *
“MR. BENTLEY: I object to the Court’s ruling on the evidence which the defendant had not completed his presentation of, I object to being cut off and I object to the Court’s ruling.”
No equitable partition could have been made without evidence of the value of the land in the various parcels Davis was proposing to set aside for partition. In his brief, Davis states that he had other unspecified evidence to offer and that he could have called a surveyor as a witness for a further description of the land. The survey was already in evidence, and Davis had testified about its particulars. As this Court stated in Sweatman v. Federal Deposit Ins. Corp., 418 So.2d 893, 897 (Ala.1982):
“Where, as here, the objective or historical facts are not in dispute and the asserted purpose of the proffered evidence does not extend beyond, or tend to prove, other inferences of disputed ultimate facts, the proffered testimony is purely cumulative; and, although admissible, its exclusion will not form the basis for reversible error.”
For the above reasons, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, HOUSTON and STEAGALL, JJ., concur.