HOUSTON, Justice.
The Terminix International Company L.P. petitions for a writ of mandamus directing the Baldwin Circuit Court 1) to vacate its order denying Terminix International’s objections to a nonparty discovery request; 2) to vacate its orders denying Terminix International’s motion to reconsider the trial court’s denial and its motion for a protective order precluding the requested discovery; and/or 3) to issue a protective order precluding the requested discovery. We grant the petition and issue the writ.

I. Facts and Procedural History

Daniel E. McCants and Jacqueline McCants sued Old Republic Surety Company and Westport Insurance Corporation in the Baldwin Circuit Court, alleging breach of contract, negligence, wantonness, fraudulent misrepresentation, and fraudulent concealment. The action was based on the alleged failure of All American Termite and Pest Control Company, Inc. (“All American”), who had treated the McCantses’ house for termites before the McCants purchased the house, to excavate the crawl space under the house; to properly treat the house for subterranean termites; to issue a termite-protection plan that was renewable every year; and to provide control measures to prevent moisture infestation under the house. The McCantses later amended their complaint to add All American as a defendant in each cause of action contained in the original complaint.
The McCantses contend that the previous owners of the house and All American had entered into a contract (the “termite contract”) pursuant to which All American agreed to treat the property for termites and to provide a repair warranty that the property owner could renew annually and a “clearance letter” for the house. As part of the termite contract, All American agreed to excavate the crawl space under the house to at least 16-18 inches, to treat the structure for termites in accord with state specifications, and to issue a full repair bond. The McCantses allege that the termite contract was transferred to them when they purchased the house. The McCantses paid for two renewals of the termite-repair bond contained in the termite contract, and, on each of those occasions, they were allegedly given notice before the deadline that it was time to renew the bond.
The McCantses further allege that, sometime after their termite-repair bond was renewed the second time, Terminix International purchased All American and that after that purchase Terminix International failed to notify the McCantses that it was time to renew their termite-repair bond. Although the McCantses did not add (and have never added) Terminix In *282 ternational as a defendant, they served it with a nonparty subpoena (“discovery request”) requesting that it produce the following documents:
“1. Any and all documents relating or pertaining to termite treatments performed on property located at 9141 Fair-hope Avenue, Fairhope, Alabama 36532, owned by Daniel and Jacqueline McCants.
“2. All documents that relate, refer or pertain to the following:
“A. The purchase [by Terminix International] of assets and/or the business of [All American].
“B. The sale of assets and/or the business of Allied Bruce Termi-nix to [Terminix International] and/or any other company or individual.
“3. The list of customers of [All American] assumed by Terminix [International] upon purchase of [All American], including addresses and telephone numbers.
“4. Copies of contracts of all customers of [All American] that were assumed by Terminix [International] and that were later canceled and/or services terminated.”
Terminix International complied with the request in paragraph 1, but it objected to the requests in paragraphs 2, 3, and 4. The trial court set a hearing on Terminix International’s objections to the discovery request for September 23, 2003; however, Terminix International alleges that it did not receive notice of the hearing. At the hearing, the trial court issued an order denying all of Terminix International’s objections and ordering Terminix International to comply with the McCantses’ discovery request. Terminix International contends that it was not aware that its objections to the discovery request were before the trial court until its counsel received the court’s order denying all of Terminix International’s objections.
Terminix International filed a motion to reconsider, requesting that the court:
“1) reconsider its Order of September 23, 2003, denying [Terminix International’s] objections to [the McCantses’ discovery request], 2) require [the McCantses] to first file a motion to compel production before deciding the issue(s) of [Terminix International’s] objections to [the McCantses’ discovery request], and 3) allow [Terminix International] to be heard on its objections and any related motion for protective order, in the event that [the McCantses] do in fact move to compel the production of the documents made the subject of [Terminix International’s] objections.”
The court set Terminix International’s motion to reconsider to be heard on November 18, 2003. On November 17, 2003, Ter-minix International filed a motion for a protective order, requesting that the McCantses not be allowed to proceed with the requests in paragraphs 2, 3, and 4.
At the November 18 hearing, the McCantses’ counsel alleged that Terminix International failed to give the McCantses notice before refusing to renew the termite-repair bond and announced for the first time that they intended to add Termi-nix International as a defendant in the action. The McCantses’ counsel argued that by allegedly failing to give the McCantses notice before refusing to renew the termite-repair bond Terminix International had violated Ala.Code 1975, § 2-28-10, which, the McCantses contend, requires “termite service providers” to give customers advance notice if a “termite contract” is not going to be renewed. On November 25, 2003, Terminix International filed a supplemental brief and evidentia-ry submissions in support of its motion to *283 reconsider and its motion for a protective order. The supplemental brief and evi-dentiary submissions responded to the McCantses’ claims that they intended to add Terminix International as a defendant and that Terminix International had violated Ala.Code 1975, § 2-28-10.
In the supplemental brief and evidentia-ry submissions, while reserving the previously made procedural arguments, Termi-nix International alleged that under § 2-28-10 it was not required to give notice of nonrenewal of the termite-repair bond, and, even if § 2-28-10 required that it give such notice, that notice was given and inspection made in close proximity to the anniversary date of the termite-repair bond. In response, the McCantses submitted a letter brief to the court; that letter brief stated:
“There is no statutory authority for a pest control company to unilaterally terminate a contract without notice to the homeowner and to never inform the homeowner of such termination without doing an annual inspection.... The documents we seek will show that [Terminix International] acted in this manner toward the MeCants[es] and further acted in this manner toward other homeowners [Terminix International] did not find desirable under its ‘standards.’ Whether or not [Terminix International] will become a party at this point is irrelevant.”
On January 6, 2004, the trial court denied both Terminix International’s motion to reconsider and its motion for a protective order. Terminix International now petitions this Court for a writ of mandamus directing the trial court to vacate those orders; to sustain Terminix International’s objections to the discovery requests in paragraphs 2, 3, and 4; and/or to issue a protective order precluding discovery of the information and documents requested in paragraphs 2, 3, and 4.

II. Analysis

“It is axiomatic that mandamus is an extraordinary remedy which should be granted only when there is a clear showing that the court below abused its discretion and exercised it' in an arbitrary or capricious manner.” Ex parte Thompson, 474 So.2d 1091, 1094 (Ala.1985). Furthermore, “[m]andamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995).
Terminix International first argues that the trial court exceeded its discretion in denying its motions to reconsider and for a protective order because the McCantses’ counsel had not complied with Ala. R. Civ. P. 37(a)(2). That rule provides, in pertinent part, as follows:
“[I]f a person objects to or fails to comply in whole or in part, with a subpoena under Rule 45(a)(3), the discovering party may move for an order compelling an answer, or designation, or an order compelling production or inspection in accordance with the subpoena....
“A motion relating to discovery issues shall be accompanied by a statement of the attorney for the moving party stating that the attorney, before filing the motion, has endeavored to resolve the subject of the discovery motion through correspondence or discussions with opposing counsel or, if the opposing party is not represented by counsel, with the opposing party.”
*284 (Emphasis added.) Terminix International correctly argues that the above-quoted language required the McCantses to file a motion to compel once Terminix International objected to the discovery requests.
While Rule 37(a)(2), Ala. R. Civ. P., refers to the discovering party’s motion to compel in permissive terms (“the discovering party may move for an order compelling an answer”), the discretion thus conferred relates only to the decision that a discovering party must make as to whether to pursue further discovery by motion after the objection has been interposed. (Emphasis added.) See C. Lyons, Jr., Alabama Rules of Civil Procedure Annotated § 34.3 (3d ed.1996) (discussing the analogous Rule 34, Ala. R. Civ. P.):
“As is true with objections to interrogatories and objections to requests for admissions, the discovery procedure stops upon the interposition of the objection unless a motion under Rule 37 is filed by the party seeking discovery. Absent such a motion, the objection is not brought to the attention of the court for a ruling.”
Only in the event that the party seeking discovery elects to move to compel production over the objection of the party from whom discovery is sought does the issue of the sufficiency of an objection come before the trial court.

III. Conclusion

Based on the foregoing, we grant Termi-nix International’s petition for a writ of mandamus and direct the trial court to vacate its order denying Terminix International’s objections to a nonparty subpoena and its order denying Terminix International’s motion for a protective order.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and SEE, LYONS, BROWN, JOHNSTONE, WOODALL, and STUART, JJ., concur.
HARWOOD, J., concurs specially.